CHARLES T. PLIMPTON et al., Respondents, *v.* JOHN BIGELOW, Appellant.

Shares owned by a non-resident defendant in the stock of a foreign corporation, cannot be reached and levied upon by virtue of an attachment, although officers of the corporation are within the State, engaged in carrying on the corporate business here.

The provision of the Code of Civil Procedure (§ 647), declaring that shares of corporate stock owned by a defendant may be levied upon by virtue of an attachment, only applies to shares of stock of a domestic corporation.

In order to make a valid or effectual seizure, under that process, in the case of intangible interests, as well as tangible property, the *res* must be within the jurisdiction.

The stock of a corporation can only be regarded as being present, for the purpose of judicial proceedings, at the place of residence of the owner, or of the corporation.

A corporation has its domicile and residence only within the bounds of the sovereignty which created it; it is incapable of passing personally beyond that jurisdiction, and so it may not be deemed present in a State other than that of its origin, although its officers are present and it transacts its business in that State.

The condition, therefore, that the *res* must be within the jurisdiction in order to an effectual seizure is not answered in respect to shares in a foreign corporation by the presence here of its officers, or the fact that it has property and is transacting business here.

Where an attempt had been made to levy upon such shares owned by a non-resident defendant by leaving a certified copy of attachment and notice prescribed by said Code (§ 649), with the secretary of the corporation in this State, *held*, that defendant was entitled to move to have the levy set aside and vacated ; and that an order refusing this relief was reviewable here.

*Plimpton* v. *Bigelow* (29 Hun, 362), reversed.

(Argued June 19, 1883 ; decided November 20, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 10, 1883, which reversed an order of Special Term, vacating a levy by virtue of an attachment issued herein. (Reported below, 29 Hun, 362.)

The facts are sufficiently stated in the opinion.

*Samuel Hand* for appellant.  The Court of Appeals has jurisdiction in this case.  (Code, § 190; *Tracy* v. *First Nat. Bk. of Selma*, 37 N. Y. 524; *Blossom* v. *Estes*, 84 id. 617; *Dunlop* v. *Patterson Fire Ins. Co.*, 74 id. 147.)  Section 647 of the Code does not authorize any attachment of a stockholder's interest in foreign corporations.  (*Christmas* v. *Biddle*, 13 Penn. St. 223; *Moore* v. *Gennett*, 2 Tenn. Ch. 375; *Denton* v. *Livingston*, 9 Johns. 96; 2 R. S. [Banks' 5th ed.], § 23, part 1, chap. 18, title 3, p. 394; *Child* v. *Bigbee*, 24 Penn. St. 26; Drake on Attachments, §§ 244, 471, 474, 478; 2 Ala. 753; 25 Ga. 297; *Tingley* v. *Bateman*, 10 Mass. 343; 4 Abb. Pr. 72; *Danforth* v. *Penny*, 3 Metc. 564.)  Although a corporate body may carry on business beyond the territorial limits of the State which created it, it has no corporate existence beyond those limits.  (U. S. Circ. Ct., N. Y., 1850; *Day* v. *Newark India Rubber Co.*, 1 Blatchf. 628; S. P., U. S. Sup. Ct., 1839; *Bk. of Augusta* v. *Earle*, 13 Pet. 588; *Ohio & Mississippi R. R. Co.* v. *Wheeler*, 1 Black, 286; *Regina* v. *Arnaud*, 16 L. J. [N. S.] Q. B.; *Smith* v. *Am. Coal Co.*, 7 Lans. 317; *Hatch* v. *C., R. I. & P. R. R. Co.*, 6 Blatchf. 105, 111; *B'k of Augusta* v. *Earle*, 13 Peters, 512; *L. C. & C. R. R. Co.* v. *Litson*, 2 How. 497; *Marshall* v. *B. & O. R. R. Co.*, 16 id. 314; *C. Draw Bridge Co.* v. *Shepherd*, 20 id. 232; 4 Blatchf. 120; *Abington* v. *North Bridgewater*, 23 Pinck. 170–177.)  The courts of this State are without jurisdiction to enforce the transfer of the shares in question in behalf of the plaintiffs in this action, if it proceed to judgment.  (*Cumberland Coal Co.* v. *Sherman*, 8 Abb. Pr. 243; *Paul* v. *Virginia*, 8 Wall. 168; 47 Ill. 172; *Ducat* v. *Chicago*, 10 Wall. 410; *Farmers & Merch's' Ins. Co.* v. *Hurrah*, 47 Ind. 236; *Phœnix Ins. Co.* v. *Commw.*, 5 Bush, 68; *State* v. *Fosdick*, 21 La. Ann. 434; *West. Un. Tel. Co.* v. *Mayer*, 28 Ohio St. 521.)  There is no property of defendant within the jurisdiction which can be lawfully levied upon, nor is there a living cause of action to support the attachment.  (*People, ex rel. Whilles,* v. *Brotherson*, 36 Barb. 662; *Van Tassel* v. *Van Tassel*, 31 id. 439; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90;

*Souser* v. *DeMeyer*, 2 Paige, 574-587.) Plaintiffs have no right to levy on defendant's interest in a foreign corporation. Unless defendant appears generally in the action the levy cannot ripen into a judgment which can be enforced. ( *Willett* v. *Eq. Ins. Co.*, 10 Abb. 93 ; *Donnell* v. *Williams*, 21 Hun, 216–219 ; *Staats* v. *Bristow*, 73 N. Y. 264 ; *In re Schollenberger*, 96 U. S. S. C. ; *Mer. Mf'g Co.* v. *Grand Trunk Ry. Co.*, 64 How. Pr. 459.)

*Edward Bettens* for respondents. Plaintiffs had a right to attach defendant's shares of stock in the Hat Sweat Company. (Code of Civil Procedure, §§ 647, 649, subd. 3 ; *Miller* v. *United States*, 11 Wall. 268 ; *Burrall* v. *Bushwick R. R. Co.*, 75 N. Y. 211 ; 1 Potter on Corporations, 371, note 9 ; Morawetz on Corporations, § 505 ; *People* v. *Central R. R. Co.*, 48 Barb. 508 ; *Attorney-General* v. *Bay State Co.*, 1 Gray, 148, 153 ; *Nat. B'k* v. *Huntington*, 129 Mass. 444 ; *Barr* v. *King*, 96 Penn. St. 485 ; *Martine* v. *International Co.*, 53 N. Y. 346–7–8 ; *Libby* v. *Hogdon*, 9 N. H. 304, 397 ; *Southern L. Ins. Co.* v. *Packer*, 16 N. Y. 51, 52 ; 3 R. S. [Banks' 6th ed.] 740, § 3 ; Code of Civil Procedure, § 1776 ; Code, §§ 1784, 1785, 1797, 1798, 1812 ; *Day* v. *Newark India Rubber Co.*, 1 Blatchf. 628 ; *Ex parte Schollenberg*, 96 U. S. 378 ; *Mohr* v. *Insurance Co.*, 12 Fed. Rep. 474 ; *Mohr* v. *Lamar Co.*, id. 476–7 ; *Merchants' Co.* v. *Grand Trunk Co.*, 13 id. 358 ; *Reefe* v. *Rundle*, 103 U. S. 222, 226 ; *Bockover* v. *Life Assoc'n*, 12 Ins. L. J. 117 ; *B'k of N. A.* v. *Chicago R. R.*, 82 Ill. 493, 496 ; 3 R. S. [Banks' 6th ed.] 740, § 1 ; Laws of 1873, p. 996, chap. 634 ; Code of Civil Procedure, § 1779 ; Laws of 1872, p. 372, chap. 146 ; Laws of 1875, p. 104, chap. 119 ; *Merrick* v. *Van Santvoord*, 34 N. Y. 208, 215 ; *Martin* v. *International Co.*, 53 id. 339 ; *W. U. Tel. Co.* v. *Mayor*, 28 Ohio St. 521, 539 ; *Paul* v. *Virginia*, 8 Wall. 168, 181.) A corporation, as a corporation, can be found beyond the State that created it. (*Smith* v. *Am. Coal Co.*, 7 Lans. 317 ; *Nat. B'k* v. *Huntington*, 129 Mass. 444 ; *Barr* v. *King*, 96 Penn. St. 485 ; *Bates* v. *N. O. R. R. Co.*, 4 Abb. Pr. 72 ;

*Moore* v. *Gennett,* 2 Tenn. Ch. 375 ; *Christmas* v. *Biddle,* 13 Penn. St. 223; *Child* v. *Digbee,* 24 id. 26;. Drake on Attachments, §§ 244, 471 ; *Willett* v. *Eq. Ins. Co.,* 10 Abb. Pr. 193 ; *Pope* v. *Terre Haute Co.,* 87 N. Y. 137 ; *Ex parte Schollenburg,* 96 U. S. 378; *Planters' B'k* v. *Bank,* 4 Ala. 753; *Ross* v. *Ross,* 25 Ga. 297; *People, ex rel.,* v. *Brotherton,* 36 Barb. 652 ; *Van Tassell* v. *Van Tassell,* 31 id. 439 ; *Ducat* v. *Chicago,* 48 Ill. 172 ; 10 Wall. 410 ; *Paul* v. *Virginia,* 8 id. 168; *West. Un. Tel. Co.* v. *May,* 28 Ohio St. 521 ; *Phœnix Ins. Co.* v. *Comm'rs,* 5 Bush [Ky.], 68 ; *State* v. *Fosdick,* 21 La. Ann. 434.) Those foreign corporations who ask the privilege of doing business under our laws in competition with domestic institutions cannot ask exemption from the obligations and liabilities which attach to the latter. (*Martine* v. *International Co.,* 53 N. Y. 339, 347-8 ; *Hibernia B'k* v. *Lacombe,* 84 id. 385 ; *Ready* v. *Stewart,* 1 Code R. [N. S.] 297.) Plaintiffs are rightfully in this court, and the court will make no ruling against them on account of alleged non-residence. (*Ready* v. *Stewart,* 1 Code Rep. [N. S.] 297 ; Bliss' Code, § 635, note *f ; Hibernia B'k* v. *Lacombe,* 84 N. Y. 385 ; Code, § 1780 ; *Durham* v. *Spence,* L. R., 6 Ex. Cas. 46.) The non-residence of the plaintiffs in an action against a foreign corporation is matter in abatement, to be taken advantage of by the corporation only, and is waived by the corporation appearing and pleading, which the Hat Sweat Company may do. (*Root* v. *Great West. Co.,* 65 Barb. 619; 55 N. Y. 636; *Dannes* v. *Phœnix B'k,* 6 Hill, 297.) Objection to jurisdiction should properly be raised by demurrer or answer. (*Atlantic Tel. Co.* v. *Baltimore Co.,* 87 N. Y. 355, 358.)

ANDREWS, J. This action is brought by the plaintiffs, residents of Massachusetts, against the defendant, a resident of Pennsylvania, upon several promissory notes of the defendant, made and delivered in Massachusetts and payable generally. The plaintiffs procured an order for the service of the summons upon the defendant by publication, and also a warrant of attachment against his property. The sheriff of the city and

county of New York, to whom the warrant was directed, undertook to execute it by levying upon four hundred and thirty-nine shares of the stock of the Hat Sweat Manufacturing Company, a Pennsylvania corporation, incorporated under the laws of that State, owned by the defendant, and for which he held and then had, in the State of Pennsylvania, stock certificates issued and delivered to him at the office of the company in Philadelphia, in February, 1882, at which place the stock and transfer books of the company then were and still are kept. The sheriff, for the purpose of making the levy, left with the secretary of the company, in the city of New York, a certified copy of the warrant of attachment, together with the notice prescribed by section 649 of the Code of Civil Procedure. The formal proceedings were taken to complete the levy, and the shares were subjected to the attachment, provided they were liable to attachment under section 647 of the Code. That section declares that "the rights or shares which the defendant has in the stock of an association or corporation, together with the interest and profits thereon, may be levied upon; and the sheriff's certificate of the sale thereof entitles the purchaser to the same rights and privileges with respect thereto, which the defendant had when they were attached."

The question here is whether this section applies to shares of stock of a foreign corporation. It is to be observed that the section is one of the provisions of a system of proceedings by attachment, and is to be construed in view of the fundamental principle upon which all attachment proceedings rest, that the *res* must be actually or constructively within the jurisdiction of the court issuing the attachment in order to any valid or effectual seizure under the process. In the case of tangible property, capable of actual manucaption, it must have an actual situs within the jurisdiction. But credits, choses in action and other intangible interests are made by statute susceptible of seizure by attachment. The same principle, however, applies in this case as in the other, the *res*, that is the intangible right or interest, to be subject to the attachment, must be within the jurisdiction. But it is manifest from the

nature of this species of property that it must be a constructive or statutory presence only, founded upon some characteristic fact which determines its locality. Where the defendant, who owns a credit, is within the jurisdiction, there is no difficulty through proceedings *in personam,* in reaching and applying it in discharge of his debt to the plaintiff. But where he is out of the jurisdiction, and the debt or duty owing to him, or the right he possesses exists against some person within the jurisdiction, attachment laws fasten upon that circumstance, and by notice to the debtor or person owing the duty or representing the right, impound the debt, duty or right, to answer the obligation which the attachment proceeding is instituted to enforce. In the case supposed the debt, duty or right, for the purpose of attachment proceedings is deemed to have its situs or locality in the jurisdiction.

The general principle that attachment proceedings can be effectual only against property within the jurisdiction is clearly recognized in the provisions of the Code regulating proceedings by attachment. They authorize the attachment of debts, choses in action, rights by contract, and by section 647, shares of the defendant in a corporation, subject, however, to the limitation that the property attached must be within the jurisdiction.

Section 641 prescribes that the warrant shall require the sheriff to attach the property of the defendant within his county, and by section 644 it is made the duty of the sheriff to execute the warrant by levying upon the property of the defendant within his county.

These provisions leave no doubt of the intention of the legislature to confine the process of attachment within its legitimate limits. They recognize the principle found in the Codes of all enlightened nations, that jurisdiction to be rightfully exercised, must be founded upon the presence of the person or thing, in respect to which the jurisdiction is exerted, within the territory. (Story's Confl. of Laws, §§ 532, 592 a; *Gibbs* v. *Queen Ins. Co.,* 63 N. Y. 114; 20 Am. Rep. 513; *Street* v. *Smith,* 7 W. & S. 447.)

We now come more directly to the inquiry upon which the case now under review depends, viz.: whether the shares of a non-resident defendant in the stock of a foreign corporation, can be deemed to be within this State, by reason of the fact that the president or other officers of the corporation are here engaged in carrying on the corporate business. We do not overlook the fact that we are construing a section of the Code, the language of which is sufficiently general to include foreign corporations, but they are not expressly named, and for the purpose of determining whether foreign corporations were intended to be included, it is a relevant inquiry whether upon general principles the right which a stockholder in a corporation has by reason of his ownership of shares, is a debt or duty of the corporation, existing in a foreign jurisdiction wherever the officers of the corporation may be found engaged in the prosecution of the corporate business. If the corporation by having its officers and by transacting business in a State other than its domicile of origin, is deemed to be itself present as an entity in such foreign State, to the same extent and in the same sense as it is present in the State which created it, it may be conceded that its shares might be properly attached in such foreign jurisdiction.

But we regard the principle to be too firmly settled by repeated adjudications of the Federal and State courts, to admit of further controversy, that a corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction. (*Bank of Augusta* v. *Earle,* 13 Pet. 519; *Lafayette Ins. Co.* v. *French,* 18 How. [U. S.] 404; *Merrick* v. *Van Santvoord,* 34 N. Y. 208; *Stevens* v. *Phœnix Ins. Co.,* 41 id. 150.) But it is equally true that a foreign corporation is permitted to sue in the courts of this State, and that suits *in personam* may be brought against it by service of process on its officers or agents within the jurisdiction. (Code, §§ 432, 1780; *Gibbs* v. *Queen Ins. Co., supra.*) But suits by or against foreign corporations are not maintained on the theory that the corporation litigant is here in person, or that the

corporate entity attends its officers in their migrations from one State to another, or that it is itself present wherever its property may be, or its business may be transacted. The jurisdiction, as I understand, rests upon the ground that as a corporation must act by agents, it may through its agents subject itself to the jurisdiction of a foreign tribunal. This principle was clearly recognized by CURTIS, J., in the *Lafayette Ins. Co.* v. *French* (*supra*), which was an action on a judgment obtained in the State of Ohio against an Indiana corporation by service of process on an agent of the corporation in the former State, and the point was taken that no jurisdiction was thereby acquired to render a judgment against the defendant. The court overruled the point, and Judge CURTIS, after stating that the corporation in that case existing only by virtue of the law of Indiana, cannot be deemed to pass personally beyond the limits of that State, and that the actual presence in a State of a defendant was not in all cases essential to a judgment against him, said : " The inquiry is not whether the defendant was personally within the State, but whether he or any one authorized to act for him in reference to the suit, had notice and appeared, or if he did not appear, whether he was bound to appear or suffer judgment by default." When a foreign corporation sends its agents into another State, or transacts its business there, availing itself of the protection of the laws of such State, there is no just reason why it should not be deemed to have subjected itself through its agents to the jurisdiction of the courts of that State, and be held to respond to an action brought against it therein, upon process served on its representatives.

This seems sufficiently plain. But it does not determine the present question. The proceeding authorized by section 647 of the Code is not in an action against a foreign corporation, or to enforce any contract or liability of the corporation, but a proceeding in an action against a defendant owning shares therein, and where the jurisdiction depends upon the shares which are attached, being within the State. The right which a shareholder in a corporation has by reason of his ownership of shares, is a right to participate according to the

amount of his stock in the surplus profits of the corporation on a division, and ultimately on its dissolution, in the assets remaining after payment of its debts. (*Burrall* v. *Bushwick Railroad Co.*, 75 N. Y. 211.) It is this right and interest which is made liable to attachment under the section referred to. The right of the shareholder is derived from the corporation under its charter, or the laws of the State which created it. It is enforceable by judicial proceeding in the local courts, and in case of a dissolution of the corporation the local courts alone can be resorted to, to wind up its affairs and distribute its assets. It seems impossible to regard the stock of a corporation as being present for the purpose of judicial proceedings, except at one of two places, viz.: the place of residence of the owner, or the place of the residence of the corporation.

Section 647 has an appropriate application to shares in domestic corporations. Such corporations are completely subject to the jurisdiction of our courts, and may be compelled to recognize a title to corporate shares derived under proceedings by attachment. In respect to foreign corporations such power does not exist, and it could scarcely be expected that the courts of another State would recognize a title to corporate stock in one of its own corporations, founded upon a sale under an attachment issued by our courts against a non-resident, when the only semblance of jurisdiction over the property was the service of notice in the attachment proceedings, upon an officer or agent of the corporation here. The foreign corporation is not here because its agents are here, nor because it has property here; nor is the stock here because the corporation has property, or is conducting its business in this State. The individual members of a corporation are not the owners of the property of the corporation, or of any part of it. The abstract entity — the corporation — is the owner and only owner of the property. We do not doubt that shares for the purpose of attachment proceedings may be deemed to be in the possession of the corporation which issued them, but only at the place where the corporation by intendment of law always remains, to-wit, in the State or country of its creation. In all

other places it is an alien. It may send its agents abroad or transact business abroad as any other inhabitant may do, without passing personally into the foreign jurisdiction or changing its legal residence. But such agents are not the corporation, and do not represent the corporation in respect to rights as between the corporation and its shareholders incident to the ownership of shares.

It is not necessary to this case to define the limits of legislative power in subjecting intangible property to attachment by notice served upon such person or corporation as may be designated by the legislature. Manifestly the *res* cannot be within the jurisdiction, as a mere consequence of a legislative declaration, when the actual locality is undeniably elsewhere. But in respect to intangible interests, as we have said, there can be no actual seizure of the thing, and it can be bound only by notice to some one who represents the thing. In case of a debt notice to the debtor residing within the jurisdiction, is the ordinary proceeding to attach the debt, and if the debtor is a corporation, and the corporation is a domestic one, there is no difficulty. But in some of the States foreign corporations having an agent, or a place of business within the State may be charged under what is called the trustee process, or as garnishee. (*Barr* v. *King*, 96 Penn. St. 485 ; *Natl. B'k* v. *Huntington*, 129 Mass. 444.) In these proceedings the trustee or garnishee is joined with the principal defendant as a party to the action, and the debt owing by the trustee or garnishee is ascertained, and the liability of the trustee and garnishee is adjudged in the action. There may be no difficulty upon principle in compelling a corporation which has an agent and officer in another State and is transacting business there, to respond in garnishment proceedings for the debt, although the creditor — the principal defendant — is a non-resident, and if bound to respond it is certainly just that the judgment which compels the corporation to pay the debt to the plaintiff, should protect it in making such payment, against a subsequent claim by its creditor. We do not enter into this question here. But whatever view may be

Opinion of the Court, per ANDREWS, J.

taken as to the right to attach a debt owing by a foreign corporation to a non-resident by service of notice on an agent of the corporation within the jurisdiction, we think in respect to corporate stock, which is not a debt of the corporation in any proper sense, it would be contrary to principle to hold that it can be reached by such a notice. We are, therefore, of the opinion, that the fundamental condition of attachment proceedings, that the *res* must be within the jurisdiction of the court in order to an effectual seizure, is not answered in respect to shares in a foreign corporation by the presence here of its officers, or by the fact that the corporation has property and is transacting business here, and that section 647 must be construed as applying to domestic corporations only. (See *Moore* v. *Gennett*, 2 Tenn. Ch. 375; *Christmas* v. *Biddle*, 13 Penn. St. 223; *Childs* v. *Digby*, 24 id. 26; Drake on Attachment, §§ 244, 471, 478.) This is decisive of the present case. The right to attach corporate shares depends upon statute. The Hat Sweat Manufacturing Company was a foreign, and not a domestic corporation. Section 647 is the only authority for the attachment of shares of a defendant in a corporation, and as that section does not apply to foreign corporations, it is immaterial to what extent the Hat Sweat Manufacturing Company may have brought its property or business into this State.

We are, also, of opinion, that the defendant was entitled to move to have the levy set aside and vacated, thereby relieving his stock from the cloud and embarrassment created by the proceedings. (See *Dunlop* v. *Patterson Fire Ins. Co.*, 74 N. Y. 145; 30 Am. Rep. 283; *Blossom* v. *Estes*, 84 N. Y. 617.)

These reasons lead to a reversal of the order of the General Term and an affirmance of the order of the Special Term.

All concur.

Ordered accordingly.