## LOUIS STRAUS and FRANKLIN B. TORREY, Respondents, *v.* THE CHICAGO GLYCERINE COMPANY, Appellant.

*Attachment — when an indebtedness of one foreign corporation to another foreign corporation cannot be seized — the person or the thing attached must be within this State — Code of Civil Procedure, secs. 641, 644.*

The Commercial Union Insurance Company (limited) of London, a corporation created and existing under the laws of the kingdom of Great Britain, had issued a policy of insurance upon property situated in the city of Chicago and owned by the defendant, a corporation created by and existing under the laws of the State of Illinois. Under this policy a loss had been sustained by fire, affecting the property insured by the policy.

In this action, brought against the defendant, the Illinois corporation, the plaintiffs, who reside and carry on business in the city of New York, procured an attachment to be issued, which was served, and the indebtedness of the insurance company to the defendant attempted to be attached, by delivering a copy of it at the office of an agent which the insurance company had, for the transaction of its business in the city of New York.

*Held,* that as the negotiations for the policy took place in the city of Chicago, and it was there delivered to and held by the defendant, the indebtedness was not property which the defendant had within this State and could not be seized under the attachment.

*Plimpton* v. *Bigelow* (93 N. Y., 592) followed; *Myers* v. *Liverpool, etc., Insurance Company* (40 Md., 595) and *Willett* v. *Equitable Insurance Company* (10 Abb., 193) distinguished, and cases in other States holding that it could be seized, cited.

Appeal from an order denying a motion to set aside the service of an attachment.

*James Byrne,* for the appellant.

*Henry W. Sackett,* for the respondents.

Daniels, J. :

The plaintiffs reside and carry on business in the city of New York. The defendant is a corporation created by and existing under the laws of the State of Illinois. It was insured upon its property by a policy issued by the Commercial Union Insurance Company, (limited), of London, a corporation created and existing under the laws of the kingdom of Great Britain. A loss has been sustained by fire, affecting the property insured by the policy, and situated in the city of Chicago. The insurance company had an agency for the transaction of its business in the city of New York and the attachment, which was issued in the action, was served at the office of the insurance company in the city of New York, by delivering a copy of it there with a notice that the indebtedness of the company to the defendant was thereby attached. And a motion was made to set aside this service of the attachment on the ground that the indebtedness could not in this manner be attached under the provisions of the Code of Civil Procedure. It will not be necessary to determine whether a lawful attachment of the indebtedness could be made under subdivision 2 of section 649 of the Code of Civil Procedure, without taking actual possession of the policy itself. For this policy was not issued by the New York agency, but the negotiations for it took place in the city of Chicago, and it was there delivered to and held by the defendant. The indebtedness, accordingly, was not property which the defendant had within this State, and under the construction given to the Code of Civil Procedure in *Plimpton* v. *Bigelow* (93 N. Y. 592), it could not be seized under this attachment. It is true that the service of the attachment in

that case was attempted to be made upon shares of the defendant in the corporate stock of a company, but that circumstance does not seem to render the decision then made inapplicable to this case. By the shares which the defendant held he was entitled to a proportionate part of the earnings of the corporation and of its property upon its dissolution. While in the present case the defendant was entitled under the policy to the payment of so much money as would compensate it for the loss sustained by the destruction of its property by fire, so far as the policy covered such loss. The property itself in each case has several attributes of similitude, rendering the decision in the case referred to applicable to the service made of the attachment in this action.

A somewhat similar decision was made in *Myer* v. *Liverpool, etc., Insurance Company* (40 Md., 595). But as that passed off on the inability to maintain an action for the recovery of the debt, which it was the object to seize, the decision is not controlling over this case. Where an action may be here maintained to recover the debt owing by the foreign corporation, as it certainly could be in this case, it has been held in other States, that it may be seized by way of attachment or process of garnishment. (*Barr* v. *King*, 96 Penn., 485; *National Bank, etc.* v. *Huntington*, 129 Mass., 444; *McAllister* v. *Penn. Ins. Co.*, 28 Mo., 214; *Hannibal and St. J. R. R. Co.* v. *Crane*, 102 Ill., 249.) And other cases might undoubtedly be added sustaining the same point. In *Willett* v. *Equitable Insurance Company* (10 Abb., 193), there was no agency of the company in this State. And the absence of that circumstance is sufficient to deprive the decision then made of its influence over the subject-matter of this controversy. But it is not important to pursue the consideration of other cases since that of *Plimpton* v. *Bigelow* (*supra*), maintains the general proposition that the presence of the person or thing within the State is indispensable to the power of the court to acquire jurisdiction over it in this mannner.

The order should be reversed, together with the usual costs and disbursements, and the service of the attachment set aside.

VAN BRUNT, P. J. and BARTLETT, J., concurred.

Order reversed, with ten dollars cost and disbursements and motion granted.