Freedman, J.
The relief the granted by the judgment appealed from is based upon § 48 of chap. 564 of the Laws of 1890, entitled, “ An act in relation to stock corporations constituting chap. 38 of the general laws,” which took effect May 1, 1891. Under § 72 of the same act the section first referred to is to be construed as a continuation of the law as existing April 30, 1891, modified or amended according to the language employed in said chapter, and not as a new enactment. In fact § 48 is substantially the same as § 4, title 4, chap. 18 of part I of the Revised Statutes as amended by § 1 of chap. 245 of the Laws of 1880.
By this statutory provision certain transfers or assignments of stock or of the property of a corporation covered by it are prohibited.
*449 The general assignment for the benefit of creditors made and. executed September 24, 1891, by the Pfister Book Binding Company was held to have been made and executed in violation of this statute, and the attachment and all the proceedings in the action commenced in the supreme court in the name of Hotchkiss against the said company were also held to come within the prohibition of the said statute, because they were instituted and maintained for the benefit of the defendant Avery, who was an officer, director and stockholder in the company.
The Pfister Book Binding Company is a foreign corporation, organized under the laws of the state of West Virginia, but located and having its principal office for the transaction of business in the city of New York.
A corporation has its domicil and residence only within the bounds of the sovereignty which created it, and is incapable of passing personally beyond that jurisdiction. Plimpton v. Bigelow, 93 N. Y., 592.
On the other hand it is firmly settled that the statutes of this state have no extra territorial force. Ho maxim of the law has been more firmly established by the decisions of the courts of all countries than: “Leges extra territorium non obligant.”
It must be conceded, however, that a state may make any laws deemed beneficial for itself or its citizens in reference to foreign corporations wishing to do business within the state, whether relating to jurisdiction over them, or to the terms and conditions upon which they may transact business within such state, even to tne extent of absolute exclusion. Bank of Augusta v. Earle, 13 Pet., 519; Paul v. Virginia, 8 Wall., 168; Philadelphia Fire Assoc. v. New York, 119 U. S., 110.
But the power of the court to reach* by its process the property of a foreign corporation within the limits of this state depends entirely upon statutory enactment and does not proceed from any inherent or general jurisdiction which the court‘possesses. Oliver v. Walter Heywood Chair Manuf. Co., 32 St. Rep., 542.
The fundamental, question involved in the case at bar, therefore, is whether the statute in question applies to a foreign corporation. In terms it does not, and under the decisions of Coats v. Donnell, 94 N. Y., 168, and Hill v. Knickerbocker Electric Light Power Co., 45 St. Rep., 761, it cannot be construed so as to have such application, and consequently the Pfister Book Binding •Co. as a foreign corporation was not bound by it. These authorities are decisive upon the point, and hence the argument that foreign corporations who do business within this state should be made to conform to and obey its laws is without force in the present case.
In the case of Hill v. Knickerbocker Electric Light & Power Co., supra, it was further held by the general term of the supreme court that the disabilities imposed by the statute upon the directors and trustees of every corporation covered by the said statute simply apply to the giving of preferences by the corporation and not to the ordinary procedure at law taken by a creditor of the *450 corporation, although he may be an officer, for the purpose of securing his debt. I can perceive of no good reason why we should hold differently.
For the reasons stated the judgment should be reversed and a new trial ordered, with costs to the to abide the event
Sedgwick, Ch. J., concurs.