(77 Hun, 211.)

### In re JAMES' ESTATE.

(Supreme Court, General Term, First Department. April 13, 1894.)

1. TRANSFER TAX—NONRESIDENT TESTATOR.

A legacy under the will of a nonresident testator who leaves assets in New York is not taxable unless paid out of the assets in the state. 27 N. Y. Supp. 288, reversed.

2. SAME—STATUS OF PROPERTY—SHARES OF STOCK.

Shares of stock of a foreign corporation owned by a nonresident testator, the certificates of which are in New York, are not property in the state of New York, within Laws 1887, c. 713, providing that when a nonresident dies, leaving personalty within the state, the right to succeed to it is taxable, as the certificates are not property, but only evidence of title.

Appeal from surrogate's court, New York county.

Appraisement of the estate of Frank Linsly James, deceased, for taxation under the legacy and inheritance tax act (Laws 1887, c. 713). From a decree confirming the appraiser's report (27 N. Y. Supp. 288) assessing a tax on certain legacies, John Arthur James, the executor, appeals. Reversed.

On the 21st of April, 1890, Frank Linsly James, a resident citizen of the United Kingdom of Great Britain and Ireland, and domiciled therein, died at San Benito, on the west coast of Africa. He left a last will and testament, executed in England June 26, 1886, which was, June 14, 1890, duly probated in England by the probate court thereof, and letters testamentary thereon were duly issued to John Arthur James and William Dodge James, the persons nominated in the will as the executors and trustees thereunder. On the 10th of October, 1890, said will was duly established in this state by a judgment of the supreme court; and, on the 14th of that month, letters testamentary thereon were granted by the surrogate's court of the city and county of New York to John Arthur James, pursuant to article 3 of title 3 of chapter 15 of the Code of Civil Procedure.

The testator had at the time of his death, in this state, stocks and bonds issued by various corporations, and bonds and mortgages on real property, of the value of.................................................. ......  $2,303,472 53
The testator's property in England, which consisted of realty and personalty, was valued at.................................................  477,630 00

Making the total amount of his estate.............. ..... ............  $2,781,102 53
Property in New York is, .82825 of all of testator's property, and equals..  2,303,472 53
The testator's debts amounted to $17,245, .82825 of which equals $14,283 17
Executor's commissions on property in this state............;...... 23,209 72
Estimated expenses of administration in this state........... 15,000 00
                                                                    52,492 89

Net value of personalty in New York..............................:...... $2,250,979 54

The learned surrogate held that .82825 of the foregoing net value of property in this state was applicable to the payment of the following legacies, valued and assessed as follows:

| LEGATEE. | Value of Legacy. | Value at .82825. | Tax. |
|---|---|---|---|
| Ethelbert Edward Lort Phillips, life annuity, valued at........................................ | $96,810 | $79,766 00 | $5,988 40 |
| Ruth Lancaster James ......................... | 1,000 | 628 25 | 41 41 |
| Mary E. Boyd.................................. | 25,000 | 20,706 25 | 1,035 30 |
| Rev. Francis George La Poor McClintock....... | 10,000 | 6,263 50 | 414 13 |
| Ethelbert Edward Lort Phillips........ ........ | 50,000 | 41,412 50 | 2,070 63 |
| Royal Hospital for Incurables................... | 25,000 | 20,706 25 | 1,035 50 |
| Cheyne Hospital............................... | 25,000 | 20,706 25 | 1,035 30 |
| William Matthews............................. | 3,500 | 2,070 62 | 103 55 |
| Daniel Willis James .......................... | 1,000 | 826 25 | No tax. |
| Olivia Phelps Hoe............................. ...... | 1,000 | 826 25 | No tax. |
|  | $236,810 | $196,137 12 | $9,724 00 |

Deducting $196,137.12, produced by the above ratio, as applicable to the payment of legacies, from the net value of the personalty in this state, $2,250,-979.64, the value of the remainder of the property in this state is $2,054,842.52. Daniel Willis James and Olivia Phelps Hoe resided in America, but in what state does not appear; and all of the other legatees above named are resident citizens of, and are domiciled in, the United Kingdom of Great Britain and Ireland.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOL-LETT, JJ.

D. B. Ogden, for appellant.
Edward S. Kaufman, for respondent.

FOLLETT, J.  It seems to have been settled that in case a resident citizen of another state or country, and domiciled therein, dies, leaving personalty within this state, it, or the right to succeed to it, is taxable under chapter 713 of the Laws of 1887 (In re Romaine, 127 N. Y. 80, 27 N. E. 759), and in case a resident citizen of this state, and domiciled therein, dies, leaving personalty in another state or country, it, or the right to succeed to it, is taxable under that act.  In re Swift, 137 N. Y. 77, 32 N. E. 1096.  Under these decisions the property of the testator within this state, passing to foreign legatees, is taxable under the act above mentioned.  It is alleged in the petition that the foreign legatees have been paid out of the property of the testator in England; but

whether this allegation is true or false was not determined by the appraiser nor by the surrogate's court, nor does it appear whether these legacies were paid before or after the will was established in this state. If the legacies bequeathed to the foreign legatees were paid out of the property in England, those legatees have not succeeded to any property in this state, nor has any property passed to them by virtue of the laws of this state, and their right of succession is not taxable under this act. This does not affect the amount of revenue derivable from the property within this state, because the residue is increased. It has been held (In re Swift, supra) that the right to succeed to personalty situate in another state, and owned by a resident citizen of this state at the time of his death, is taxable under the act; but, so far as we know, it has never been held that the right to succeed to personalty situate in another state, and owned by a decedent who never resided nor had been domiciled in this state, is taxable under the act. It appears from the facts found by the appraiser that a considerable portion (the amount not stated) of the testator's personalty found to have been within this state at the date of his death consists of shares in corporations incorporated under the laws of other states, the value of which was included in the total valuation of $2,250,-979.64. Under the evidence, presumably, the certificates representing these shares were in this state when the testator died, though it was not so expressly found. These certificates are not shares or property under the laws relating to taxation, nor under the sections of the Code relating to attachments. They are merely evidence of title to the shares. In re Will of Enston, 113 N. Y. 174, 181, 21 N. E. 87; Plimpton v. Bigelow, 93 N. Y. 592, 600; Burr v. Wilcox, 22 N. Y. 551; Van Allen v. Assessors, 3 Wall. 573, 598, 599; Winslow v. Fletcher, 53 Conn. 390, 4 Atl. 250; Hawley v. Brumagim, 33 Cal. 394, 399; Cook, Stockh. & Corp. Law, § 10. The testator not being a citizen of this state, and the property represented by the certificates not being therein at the time of his death, it is not, nor is the right to succeed to such property, taxable under chapter 713 of the Laws of 1887, and the surrogate's court erred in including it in the amount from which the ratio was found. The decree of the surrogate's court should be reversed, with costs to the appellant, and a new hearing granted in that court. All concur.