(Surrogate's Court, New York County.   February, 1899.)

ADMINISTRATION—PROPERTY OF NONRESIDENT—JURISDICTION.
        Under Code Civ. Proc. § 2476, subd. 3, conferring jurisdiction on the surrogate's court to administer the estates of nonresidents who leave personal property within a surrogate's county, jurisdiction is conferred to administer property consisting of stock in a domestic corporation owned by a nonresident decedent.

In the matter of the estate of Emily M. Fitch, deceased.   Motion to dismiss a proceeding to assess and fix the transfer tax.   Denied.

Shearman & Sterling (John A. Garver, of counsel), for executor. Emmet R. Olcott, for comptroller.

[1] Affirmed on appeal.   See 57 N. Y. Supp. 786.

FITZGERALD, S. This proceeding was brought by the comptroller to assess and fix the transfer tax. The decedent died in 1894, a nonresident. She owned stock in the Consolidated Gas Company of New York, a domestic corporation, the certificates for which were held in Connecticut. The executor had distributed the estate, and accounted therefor in the probate court in Connecticut, prior to the commencement of this proceeding. The respondent now moves to dismiss the proceeding upon the ground that the surrogate is without jurisdiction, for the reason that there has been no personal property belonging to the estate in the state of New York at any time since the death of the said decedent, on which the surrogate could have granted letters testamentary or of administration, original or ancillary, or of which the surrogate could have appointed a trustee. Section 10, c. 399, Laws 1892, provides:

"The surrogate's court of every county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with any tax under this act, or to appoint a trustee of such estate or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine all questions arising under this act, and to do any act in relation thereto authorized by law to be done by a surrogate in any other matters or proceedings coming within his jurisdiction."

In Re Hubbard (Sur.) 48 N. Y. Supp. 869, a state of facts identical with those in the case at bar existed, but the only point presented and decided was that the complete administration and distribution of the assets sought to be taxed did not oust the court of jurisdiction. The proposition of the respondent is that, unless an application would lie for the granting of letters or the appointment of a trustee, this court is without jurisdiction to fix the tax. In Re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, the court of appeals held that shares of capital stock in a domestic corporation, held by a nonresident out of the state, are personal property within the jurisdiction of the state for the purpose of assessment upon their transfer. The counsel for respondents contend that it is not sufficient that this class of property is subjected to taxation; that, unless it is property of such a character that the court could assert the right to grant letters thereupon, no forum is provided by the law, and this court is without jurisdiction. The jurisdiction of the surrogate's court over the grant of letters is governed by section 2476 of the Code of Civil Procedure, subd. 3, providing that, to confer jurisdiction, the decedent, not being a resident of the state, must leave "personal property within that county, and no other; or leaving personal property which has, since his death, come into that county, and no other, and remains unadministered." Section 2514 defines the word "assets" as "personal property applicable to the payment of the debts of a decedent." The words "personal property" were substituted in the Code of Civil Procedure for the term "assets," occurring in the Revised Statutes, for the reason, as stated by Throop, that "the latter is usually understood to relate only to personal property applicable to the payment of debts, and has been so defined, for the purpose of this chapter, in section 2514, subd. 2. The surrogate ought to have jurisdiction, if any unadministered property exists, even though the whole is re-

served to the widow or family." It thus appears that it was the intention of the codifiers, in substituting the term "personal property" for the word "assets," to enlarge the jurisdiction of the surrogate. Hence this court has power to grant letters, under section 2476, subd. 3, where a nonresident leaves personal property in this county which is applicable to the payment of debts. There is no doubt that the rights or shares of decedent in the stock of domestic corporations might be levied upon by attachment, and were applicable to the payments of his debts. Code Civ. Proc. § 647; Plimpton v. Bigelow, 93 N. Y. 592. See, also, opinion of Vann, J., in Re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707; dissenting from the prevailing opinion as to bonds, but concurring as to stock of domestic corporations.

Motion to dismiss proceedings denied.

Motion denied.