JULIA BAUERNFREUND, Plaintiff, *v.* HENRIETTA FRANK et al., Defendants.

Supreme Court, Special Term, Bronx County, August 23, 1954.

*Joseph Frank* for plaintiff.

*Bondy & Schloss* for Henrietta Frank, defendant.

MARKOWITZ, J. Motion to set aside service of summons and complaint made pursuant to section 235 of the Civil Practice Act. The plaintiff resident, the mother of the defendant, was the sole owner of shares of stock in two foreign corporations. This stock is listed and traded on the New York Stock Exchange. She claims her daughter through fraud and misrepresentation effected the registration of the shares of stock as " joint tenants with right of survivorship ". She seeks equitable relief in the form of specific performance to compel her daughter, who is now a resident of Florida, to execute the necessary instruments to transfer the shares of stock back to her sole ownership. The transfer agents for both foreign corporations are located in this State and are made parties to the action. There is no jurisdiction of the person of defendant. The physical possession of the certificates of stock is with the plaintiff.

The defendant contends that since the corporations which issued the shares of stock are foreign corporations, the certificates representing ownership thereof are merely evidence of ownership of property and not in themselves " property " in this State.

The question is whether the certificates of stock physically within the State constitute " property " as that term is used in subdivision 2 of section 232 of the Civil Practice Act so as to give this court jurisdiction of the subject matter. Subdivision 2 of section 232 of the Civil Practice Act reads as follows: " 2. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property."

Certificates of stock are universally recognized as a medium of transfer and are considered and used as property for all practical purposes. They have been judicially considered " property " for the purpose of a levy under a warrant of attachment (*Simpson* v. *Jersey City Constr. Co.,* 165 N. Y. 193); under a sequestration order (*Hornblower & Weeks* v. *Sherwood,* 124 N. Y. S. 2d 322); to enforce a lien (*Blake* v. *Foreman Bros. Banking Co.,* 218 Fed. 264); for the purpose of taxation (*People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431, 450, affd. 204 U. S. 152). Moreover, both foreign corporations " by the establishment of

a stock transfer office here " have " become *pro tanto* domiciled in this state " (*Lockwood* v. *United States Steel Corp.*, 209 N. Y. 375, 384). Accordingly, the certificates of stock are held to constitute " property " or the *res* within the jurisdiction of this court and the motion is denied. Defendant is given leave to serve an answer within twenty days after service of a copy of this order with notice of entry.