(110 App. Div. 106.)

## BRIDGES et al. v. WADE.

(Supreme Court, Appellate Division, First Department.  December 30, 1905.)

ATTACHMENT—ACTION ON CONTRACT—NONRESIDENT PARTIES.

Plaintiffs in an action on contract are entitled to an attachment, though both parties are nonresidents.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 44.]

Appeal from Special Term, New York County.

Action by James T. Bridges and another, partners as J. T. Bridges & Co., against George B. Wade, doing business under the firm name and style of George B. Wade & Co.  From an order denying a motion to vacate an attachment, defendant appeals.  Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

John R. Abney, for appellant.

Massey Holmes, for respondents.

PATTERSON, J.  This is an appeal from an order denying a motion made by the defendant to vacate and set aside an attachment issued in this action.  The plaintiffs are nonresidents of the state of New York, as is also the defendant.  Under the process, the sheriff of the county of New York made a levy upon whatever property of the defendant there might be in the possession of the Degnon Contracting Company, a New Jersey corporation, but all of its business is carried on in the city of New York.  The motion·came on to be heard on an order to show cause why the attachment and the warrant should not be vacated and set aside on the following grounds: That the defendant and the Degnon Contracting Company, mentioned in the affidavit upon which the attachment was granted, are nonresidents of the state of New York and were nonresidents at the time of the beginning of the action and at the time of the issuance of the attachment, and the indebtedness from the Degnon Contracting Company to the defendant never had any situs in the state of New York; that the plaintiffs herein and the defendant are nonresidents of the state, and the cause of action did not arise within the state.

The motion was specifically to vacate the attachment and the warrant. It was not to vacate a levy made under the attachment, and we must consider it only upon the ground upon which it was based.  We are not concerned with efforts made to attach specific property, and the order to show cause brings up only the question as to the right of the plaintiffs to an attachment.  To state it differently, the matter now presented is whether the plaintiffs, nonresidents, are entitled to an attachment in an action on contract against another nonresident in the courts of this state.  The suggestion of counsel for the appellants that our courts will not exercise jurisdiction in a case brought by one nonresident against another nonresident, even where the defendant has been personally served with the summons within this state, does not apply to actions on contract, as we decided in the case of Wertheim v. Clergue, 53 App. Div. 122, 65 N. Y. Supp. 750.  As said before, the question here is not as to the authority to attach specific property, but

it relates only to the validity of the attachment and the right of the plaintiffs to this writ. On a proper motion, a levy may be set aside and yet the attachment as a writ stand. Under the complaint and affidavits, there was enough before the judge granting the attachment to authorize his doing so. That is the only matter open to review, and we are of the opinion that there was sufficient in the papers upon which the attachment was granted to authorize its being issued.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.