In the Matter of the Judicial Settlement of the Account of EDWARD H. TITUS and Others, as Executors, etc., of EDWARD P. HATCH, Deceased.

THE REAL ESTATE TITLE INSURANCE AND TRUST COMPANY OF PHILADELPHIA and HERBERT P. QUEAL, as Trustees under a Deed of Trust Made by WILLIAM W. HENDRICKSON to Secure an Issue of Bonds, and Others, Appellants; EDWARD A. HENDRICKSON, as Executor, etc., of WILLIAM W. HENDRICKSON, Deceased, and Others, Respondents.

(*Supreme Court, Appellate Division, First Dept., December* 30, 1915.)

DECEDENT'S ESTATE—EXECUTION BY LEGATEES OF TRUST DEEDS AS SECURITY FOR PAYMENT OF BONDS—DISTRIBUTION OF ESTATE UNDER SECTION 2744 OF THE CODE OF CIVIL PROCEDURE—METHOD OF PAYMENT OF TRUSTEES WITH WHOM INTEREST IN ESTATE HAD BEEN PLEDGED.

Legatees under a will executed similar mortgages or deeds of trust, upon their respective interests in the estate, for the purpose of securing the payment of bonds to be issued thereunder. Each grantor assigned to the trustees "all his right, title and interest whether as legatee, devisee, next of kin, heir at law, or distributee" in the estate of the deceased, "to have and to hold the said interest in said estate * * * absolutely and forever" in trust, to collect and receive the said interest of the grantor and to apply the proceeds in liquidation and payment of

the bonds. A very large portion of the estate consisted of stock in various corporations which had been retained unsold by the executors for distribution in kind.

*Held,* that the surrogate in distributing the estate under section 2744 of the Code of Civil Procedure as it existed on August 5, 1914, erroneously directed payment to the bond trustees of a certain amount in cash and the balance in the stock "in kind" at the valuation fixed by the appraisers.

The bond trustees were entitled to have delivered to them for administration under the trust deeds that which the grantor in each instance had conveyed to them, to wit, his interest in the estate. This, because the trustees being pledgees were entitled to the possession of the property pledged until the debt for which the pledge was given had been paid or satisfied.

If, however, the estate had been distributed in cash and the bond trustees paid in money and the pledge thus redeemed, there could be no reasonable objection.

APPEAL by the Real Estate Title Insurance and Trust Company of Philadelphia and another, as trustees, and by others from parts of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 6th day of August, 1914.

George S. Mittendorf, for the appellants.

Frederick T. Kelsey of counsel (Arthur Butler Graham with him on the breif), for the respondents F. W. Kelsey Nursery Company and another.

Henry G. Gray, for the respondent Boyd Hatch.

George B. Glover, for the respondent Gertrude M. Smith.

Otto C. Wierum, Jr., for the executors, respondents.

Louis Weinberger, for the respondent Edward E. Butler.

William Osgood Morgan, for the respondent Edward A. Hendrickson, as executor, etc.

Scott, J.—This is an appeal from a decree settling the accounts of the executors of the last will and testament of Edward P. Hatch, deceased, and raises but a single question relative to the distribution of the estate directed by said decree. Four of the legatees under said will executed identical or similar mortgages or deeds of trust upon their respective interests in the estate for the purpose of securing payment of bonds to be issued thereunder. In each of these instruments the Real Estate Title Insurance and Trust Company of Philadelphia is a trustee, having as cotrustees in two instances one Herbert P. Queal and in two others one H. T. Stoddart. These trustees are the appellants.    Each of these trust deeds recites the indebtedness of the grantor in a specified amount for which bonds are to be issued and the form of the bonds is recited in the deed.    To secure said bonds the grantor " for the better securing the payment of the said sum of money mentioned in said bonds [or obligations, with interest thereon according to the terms thereof," and in consideration of one dollar, sells, transfers, assigns and sets over to the trustees named in the deed, called therein the bond trustees, and to their successors, etc., " all his right, title and interest, whether as legatee, devisee, next of kin, heir at law or distributee in the estate of Edward P. Hatch, deceased, being a one-seventieth (in two cases one forty-second) undivided interest therein.   *   *   * To have and to hold the said interest in said estate and the real and personal property comprising the same   *   *   * unto the Bond Trustees, their successors, heirs, executors, administrators and assigns, absolutely and forever.    In trust nevertheless to collect and receive the said undivided one-seventieth interest of the party of the first part in the estate of Edward P. Hatch, deceased, and to apply the proceeds of the said undivided one-seventieth interest of the said estate in liquidation and payment " of the bonds recited in said trust deed, returning the overplus, if any, after the payments provided for in the deed of

the grantor or his legal representatives. When the account was presented to the Surrogate's Court, and objections filed, the whole matter was referred to a referee, who made a careful and detailed report, no finding of fact of which has been excepted to or is now called in question.

He found the amount due under each of the above-mentioned deeds of trust, and as to these findings there is no complaint.

He also fund that a very large proportion of the estate consisted of stock in various corporations, which had been retained unsold by the executors, for distribution in kind, and this he found to be a reasonable exercise of their best judgment in the matter, because none of those stocks could have been sold without loss to the estate and the persons interested therein. Legatees entitled to receive a considerable part of the estate united in a request to the executors to retain these securities for distribution in kind at a valuation, but none of these appellants joined in the request. An appraiser appointed by the surrogate made an estimate and appraisal of the value of the aforesaid stocks as of a date shortly prior to the entering of the decree. No question is made as to the accuracy of this appraisal

The surrogate in awarding distribution of the estate and acting under the authority conferred by section 2744 of the Code of Civil Procedure as it read on August 5, 1914, the date of the decree, directed the aforesaid stocks to be distributed and paid over in kind at the valuations fixed by the said appraiser. In respect to the appellants, having ascertained the amounts due under the respective deeds of trust and bonds secured thereby, he directed that that sum be paid to them mainly in the stock belonging to the estate, in kind, at the valuation fixed by the appraiser as aforesaid. In other words, the decree provided for the payment of each set of bond trustees of a certain amount of cash and the delivery of certain securities which at their appraised value, as ascertained by the surrogate,

together with cash, would have equalled the amount due in bonds outstanding and interest to the date of the decree in full satisfaction of the claims of said trustees against the estate.

It is against this provision of the decree that this appeal is directed.

We think that the objection to the decree in this particular is well founded. What was assigned to the bond trustees in each case was all of the grantor's "right, title and interest whether as legatee, devisee, next of kin, heir at law or distributee in the estate of Edward P. Hatch, deceased." This was in the nature of a pledge of the grantor's entire interest in the estate, and the conveyance of it to the trustees. This interest was pledged and conveyed as security for the payment of definite and ascertainable sums of money. The grantor had not obligated himself to his creditors represented by the trustees, to pay them an aliquot proportion of whatever he might receive out of the estate. He had promised to pay definite sums in money, and as security for this payment he had conveyed all of his interest in the estate. It seems to us to be entirely clear that the bond trustees upon the distribution of the estate, when for the first time the grantor's interest therein could be segregated, were entitled to have delivered to them, for administration under the trust deed, that which the grantor, in each instance, had conveyed to them, to wit, his interest in the estate, for it is well settled that a pledgee is entitled to possession of property pledged until the debt for which the pledge was given has been paid or satisfied. (Simpson v. Jersey City Contracting Co., 165 N. Y. 196; Warner v. Fourth National Bank, 115 id. 251.) If the Surrogate's Court in the discretion vested in it by the Code had determined that the grantor's share or interest in the estate shall be paid, in kind, in securities at an ascertained value, it had the power to give a direction to that effect, but that share, however it is made up, should be paid over to the pledgee and grantee of the

whole interest, to be by it administered according to the terms of the deed of trust, which will include a conservation of the rights of subsequent and subordinate lienors and grantees.

Naturally, if the estate were to be distributed in cash, as is usually done, the bond trustees could raise no reasonable objection if they were paid in money and the pledge thus redeemed, but we can see no justification for awarding to them anything less than the whole interest conveyed to them, unless the pledge be so redeemed by payment of the debt for which it is intended as security.

That the appellants took no exception to any of the findings of the referee is of no importance. They accept those findings. The only question they raise is as to the legal effect thereof.

We are disposed to question the exercise of the discretion of the Surrogate's Court on the matter of costs. If the whole interests pledged are turned over to the trustees their fair allowance for defending the integrity of the property pledged to them can be passed upon when they account for their proceedings under the trust deeds.

The decree, in so far as appealed from, must be reversed and the proceeding remitted to the Surrogate's Court for the entry of a decree in accordance with the view herein expressed, with one bill of costs and disbursements in this court to the appellants to be paid proportionately out of the funds affected by the appeal.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SMITH, JJ., concurred.

Decree reversed and proceeding remitted to Surrogate's Court as stated in opinion, with one bill of costs to appellants to be paid proportionately out of the funds affected by the appeal. Order to be settled on notice.