BRIDGES et al. v. WADE.

(Supreme Court, Appellate Division, First Department. May 25, 1906.)

1. ATTACHMENT—DEBT OF FOREIGN CORPORATION TO NONRESIDENT—ACTION BY NONRESIDENT.

An attachment in an action by a nonresident of the debt of a foreign corporation to a nonresident under a contract made out of the state for services to be performed out of the state is bad, both under the rule that the debt of a foreign corporation cannot be attached at the suit of a nonresident though the real main office of the corporation is within the state; and under the rule that the attachment will lie if the creditor of the garnishee could sue it within the state, the facts not being within those enumerated by Code Civ. Proc. § 1780, as the only ones authorizing action against a foreign corporation by a nonresident.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 201.]

2. SAME—VACATING LEVY.

Where levy of attachment of a debt is clearly bad and cannot be cured it will be so declared and the levy vacated, on motion.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 782.]

O'Brien, P. J., and Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by James T. Bridges and another, copartners doing business under the firm name of J. T. Bridges & Co. against George B. Wade doing business under the firm name and style of George B. Wade & Co. From an order denying a motion to set aside a levy under a warrant of attachment, defendant appeals. Reversed and motion granted.

See 97 N. Y. Supp. 156.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John R. Abney (John M. Harrington, on the brief), for appellant.

Massey Holmes and Noble Jackson & Hubbard (Gordan Gordan on the brief), for respondents.

CLARKE, J.   This is an appeal from an order of the Special Term denying the defendant's motion to set aside a levy upon a certain indebtedness, under a warrant of attachment heretofore issued in this action.   The plaintiffs and the defendant are nonresidents of the state of New York.   The action is ex contractu, to recover for goods, wares, and merchandise sold and delivered.   The Degnon contracting company upon whom the levy was made is the contractor for a certain portion of the work on the Cumberland extension of the Western Maryland Railroad Company, in the state of Maryland, and the defendant is a subcontractor under said Degnon Contracting Company upon said work.   Heretofore a warrant of attachment was issued to the sheriff of the county of New York commanding him to "attach and safely keep so much of the property within your county which the said defendant has   *   *   *   as will satisfy the plaintiff's said demand of $1,507.29."   *   *   *   The sheriff delivered in the county of New York to the secretary of the Degnon Contracting Company a copy of the warrant of attachment with notice of levy and copies of the papers upon which issued and received from said company in response to his demand for a certificate "of any rights, shares, debts, or other property of said defendant   *   *   *   incapable of manual delivery" a certificate stating:

"Referring to attachment served upon us in the suit of Bridges v. G. W. B. Wade, we beg to say that G. W. B. Wade is engaged in the performance of work for us under contract in the state of Maryland.   Said work is incomplete, and we are unable to state until the completion of said work what the state of the accounts between ourselves and said Wade is.   We shall be glad to advise you as soon as we are able to do so."

The defendant moved at the Special Term to vacate the warrant of attachment, said motion was denied and the order entered thereon was affirmed by this court.   110 App. Div. 106, 97 N. Y. Supp. 156.   He then moved to set aside the levy, and, said motion being denied, he brings this appeal.

The learned counsel for the appellant states his point as follows:

"The debt due from the Degnon Contracting Company, a foreign corporation, to the defendant, a nonresident of this state, on a contract entered into in the state of Maryland, payments on account of which were made by said company by check drawn in Maryland on a bank in Maryland, attempted to be levied on herein, has no situs in the state of New York, and is not subject to levy under an attachment in the present action brought by residents of the state of Maryland against the defendant, also a resident of Maryland."

It becomes necessary to consider the facts shown by the papers.

The moving papers set forth that the plaintiffs and the defendant are residents and citizens of the state of Maryland, and that the goods, wares, and merchandise mentioned in the complaint, for the value of which the suit was brought, were contracted for and delivered in Maryland; that the Degnon Contracting Company is a corporation organized and existing under and by virtue of the laws of the state of New Jersey; that said Degnon Contracting Company, at the time of

the issuance of the warrant of attachment herein, was indebted to the
defendant in an amount over the sum of $1,507.29; that said indebted-
ness arose out òf work performed and agreed to be performed by de-
fendant for said Degnon Contracting Company on the extension of the
Western Maryland Railroad in the state of Maryland; that all con-
tracts and agreements between defendant and said Degnon Contracting
Company in relation to said work were made and delivered wholly
within the state of Maryland, and no portion thereof within the state
of New York, and that all work done on account thereof, and out of
which the aforesaid indebtedness arose, was performed wholly within
the state of Maryland, and that no part thereof was performed or
agreed to be performed within the state of New York; that all pay-
ments made by said Degnon Contracting Company to the defendant on
account of said work have been made by checks of the said Degnon
Contracting Company drawn at the office of said company at Hancock,
Md., on the Hagerstown National Bank, at Hagerstown, Md., and that
all negotiations respecting said work have been wholly transacted with-
in the state of Maryland,, and not in the state of New York.

The plaintiffs' papers set forth that the Degnon Contracting Com-
pany was organized under the laws of the state of New Jersey under
the name "The Degnon McLean Contracting Company," the name be-
ing thereafter duly changed to "Degnon Contracting Company." Its
certificate states that the principal office of the company is at No. 15
Exchange Place, Jersey City, N. J., and that the agent therein in
charge thereof and upon whom process against the corporation may be
served is the Corporation Trust Company of New Jersey; that the
Corporation Trust Company acts under the laws of New Jersey
as the representative in New Jersey of corporations organized under
the laws of New Jersey, but whose business and actual offices for the
transaction of that business are outside of the state. That outside of
the doors of the offices of said company are two bulletin boards, each
about 8 feet high and from 10 to 12 broad, and each having 12 vertical
columns, in which, under the heading "Corporation Trust Company
principal and registered office of," the names of hundreds of corpora-
tions are placed, among which in its proper alphabetical place appears
the name Degnon Contracting Company. That inquiry at the office
of said Corporation Trust Company brought forth the statement that
it was simply the agent of the Degnon Contracting Company in its
corporate capacity; that it was merely the formal office required by
law; that none of the officers or managing agent of such company were
there, nor any one with whom matters in the ordinary course of said
company's business could be done, and that the address of the Degnon
Contracting Company was the office in the Park Row Building, New
York City; that in the directory of the New York and New Jersey
Telephone Company the name of the Degnon Contracting Company
does not appear in the list of Jersey City subscribers, but that said
name does appear in the New York City Telephone directory; that the
office of said company at 21 Park Row in the borough of Manhattan
consists of five rooms, with numerous clerks, in which the chief execu-
tive officers, the president and the secretary, have their offices, and that

said president is a resident of said borough; that said company leases a pier in Long Island City, N. Y., is doing a large amount of contract work in the city of New York, including the construction work upon the new East River tunnel for the Pennsylvania Railroad Company; that it does no business in the state of New Jersey; that it has filed its certificate and paid the tax authorizing it to do business in the state of New York; that its billheads bear the heading, "Main office 13–21 Park Row Bldg., New York, N. Y." The affidavits further tend to show that the moneys coming into the treasury of the Degnon Contracting Company under its contract with the Western Maryland Railroad Company are received at its office in the city of New York; and, upon information and belief, that its payments are made from said office, and particularly that payments made by said company to the defendant Wade on account of work on behalf of said railroad company are made from its said New York Office; that checks and vouchers issued by said company on account of this railroad company work have as a heading its said New York City address.

It is upon these facts that we have to consider whether a company organized under the laws of the state of New Jersey, but whose sole presence there seems to be a name on a billboard, with hundreds of others, outside the offices of a company organized to comply with the law of that state, to give a legal fiction to a principal office within the state, but whose real main office is within this state, much of whose business is done within this state, which has complied with our law by filing its certificate and paying its taxes so as to entitle it to sue on its own contracts in our courts, comes within the reason of the cases cited by appellant in support of the rule stated, that a levy upon a debt due by a foreign corporation at the suit of a nonresident plaintiff cannot be made.

Plimpton v. Bigelow, 93 N. Y. 592, presented an appeal from an order reversing an order vacating a levy by virtue of an attachment. The plaintiffs were residents of Massachusetts, and brought this action against a defendant who was a resident of Pennsylvania, on promissory notes of the defendant made and delivered in Massachusetts and payable generally. The sheriff undertook to execute an attachment by levying upon 439 shares owned by defendant of the capital stock of a Pennsylvania corporation. The defendant then had possession of the certificates in Pennsylvania. They had been issued and delivered to him at the office of the company at Philadelphia in said state, at which place the stock and transfer books were kept. The court said that the question presented was "whether the shares of a nonresident defendant in the stock of a foreign corporation can be deemed to be within this state, by reason of the fact that the president or other officers of the corporation are here engaged in carrying on the corporate business." Judge Andrews said:

"If the corporation by having its officers and by transacting business in a state other than its domicile of origin is deemed to be itself present as an entity in such foreign state, to the same extent and in the same sense as it is present in the state which created it, it may be conceded that its shares might be properly attached in such foreign jurisdiction. But we regard the principle to be too firmly settled by repeated adjudications of the federal and state courts to admit of further controversy that a corporation has its domi-

cile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction. * * * The foreign corporation is not here because its agents are here, nor because it has property here; nor is the stock here because the corporation has property, or is conducting its business in this state."

—and sustained the order vacating the levy.

In Douglas v. Phœnix Insurance Co., 138 N. Y. 209, 33 N. E. 93b, 20 L. R. A. 118, 34 Am. St. Rep. 448, the defendant was a domestic corporation. It issued in this state to the plaintiff, a resident of this state, a policy of insurance against loss by fire on property in this state. The property insured was destroyed by fire and the plaintiff brought his action on the policy. The defendant set up in its answer that the debt owing by the defendant to the plaintiff had been, prior to the commencement of the action, attached in the state of Massachusetts in an action brought against the parties in this action and the insurance company to recover a debt owing by the plaintiff to the attaching creditors, and that said Massachusetts action was still pending. The plaintiff demurred. Chief Justice Andrews said:

"No court can acquire jurisdiction in attachment proceedings. unless the res is either actually or constructively within the jurisdiction; and we are of opinion that the attempt to execute an attachment in Massachusetts upon the debts owing to the plaintiff by the insurance company, by serving upon the agent of the corporation there, and without having acquired jurisdiction of the plaintiff, must fail, for the reason that the debtor, the insurance company, was in no just or legal sense a resident of Massachusetts, and had no domicile there, and was not the agent of the plaintiff, and that in contemplation of law the company and the debt were at the time of the issuing of the attachment in the state of New York, and not in the state of Massachusetts. * * * We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin; and that it cannot be garnished in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against the creditor in the absence of jurisdiction acquired over the person of such creditor. * * * This court has disclaimed jurisdiction in the courts of this state to attach debts owing by a foreign corporation, or interests in the stock of such corporation, belonging to nonresidents by notice or process served on the agents of such corporation in this state. Plimpton v. Bigelow, supra; Straus v. Chicago Glycerine Co., 46 Hun, 216; affirmed 108 N. Y. 634, 15 N. E. 444."

And the demurrer was sustained.

In Carr v. Corcoran, 44 App. Div. 97, 60 N. Y. S. 763, the plaintiff was a resident of Ohio, and the defendant was a resident of Pennsylvania. One Rhodes, who was also a resident of Pennsylvania, was temporarily sojourning in this city, and upon him an attempted levy was made under an attachment of a debt due by him to the defendant. Upon an appeal from an order vacating the levy, the late presiding justice, speaking for a unanimous court, said:

"It is well settled that the situs of debts and obligations is usually at the domicile of the creditor. But the attachment laws of our and other states have changed this rule, and recognized the right of a creditor of a nonresident to attach a debt or credit owing or due to him by a person within the jurisdiction where the attachment issued; and to this extent the principle has been sanctioned that the laws of a state for the purpose of attachment proceedings may fix the situs of a debt at the domicile of the debtor. And the rule has been laid down that no court can acquire jurisdiction in attachment proceedings unless the res is actually or constructively within the jurisdicton. Douglas v. Phœnix Ins. Co. 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am.

St. Rep. 448. Applying these rules to the case at bar, the situs of this debt—the res—was in Pennsylvania, and hence the debt could not be attached here. Order affirmed."

In Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796, there was an appeal from an order reversing an order of the Special Term vacating a levy. The plaintiffs who were residents, commenced an action against a foreign corporation and procured an attachment and a levy to be made upon its interest in certain shares of the stock of the New Jersey & Pennsylvania Telephone Company, a foreign corporation, which belonged to the defendant and the certificates of which it had delivered to the Produce Exchange Trust Company of the city of New York, as security for the payment of a note. The levy on these shares of stock physically within this state, at the suit of a resident, was upheld, Judge Gray saying:

"The defendant had to the extent of its ability, transferred to the trust company as security for the payment of its indebtedness, whatever was its interest in the foreign corporation as evidenced by the delivery of the certificates of stock. Did it not, therefore, clearly have property rights or interests within the state which could be impounded by our courts to abide the result of the litigation on plaintiff's claim? I think so. * * * The defendant's interest in the stock was held by a title and with a right which authorized the trust company to possess it until the indebtedness was paid; and in the event of nonpayment to sell it in satisfaction of its claim. The relation of the parties was that of pledgor and pledgee, and the special property which the latter had in the pledge entitled it to its possession against all the world."

In Nat. Broadway Bank v. Sampson, 179 N. Y. 213, 71 N. E. 766, 66 L. R. A. 606, 103 Am. St. Rep. 851, the action was brought in aid of an attachment issued against the property of a Massachusetts corporation. The indebtedness to that corporation was of a firm, one member of which was a nonresident. Judge Martin, after citing Plimpton v. Biglow, Douglas v. Phœnix Ins. Co., and Carr v. Corcoran, supra, said:

"While it is true that he still owed the debt when temporarily within this state, yet, as it was contracted in Massachusetts, was owing by him, a resident of that state, and as the creditor was also a resident there, it is quite impossible to see how the debt had any situs in this state even under the rule relating to attachments. * * * It seems clear that the debt, to be subject to attachment, must have a situs somewhere and can be impounded only in the jurisdiction where such situs exists, which is clearly where either creditor or debtor resides. The laws relating to attachment do not authorize a proceeding in this state to seize a credit owing to a citizen of another state, when neither the creditor nor the debtor is a resident here."

The plaintiffs cite India Rubber Co. v. Katz, 65 App. Div. 349, 72 N. Y. S. 658. In that case, the plaintiff, an Ohio corporation, with no office in this state, sued the American Bicycle Company, a New Jersey corporation having an office and transacting business in New York City, for goods sold and delivered. The American Bicycle Company admitted its indebtedness, and alleging that Katz claimed said sum by reason of a levy under warrant of attachment in an action brought by Katz, deposited the money with the chamberlain and asked that the attachment creditor, Katz, and the sheriff be substituted as defendants, which was granted. After the deposit was made, the sheriff, pursuant to the attachment mentioned, levied upon the sum so

deposited. The plaintiff—the complaint having been dismissed—contended in this court that the levy made under the attachment in favor of Katz was invalid for the reason that both the debtor and creditor were foreign corporations, and that therefore no levy under an attachment granted by the courts of this state is authorized. Mr. Justice Hatch said:

"The defendant Katz is a resident of this state and the money represented by the debt is also within the jurisdiction of the court. Consequently, within both of the above authorities (Carr v. Corcoran and Simpson v. Jersey City Contracting Co., supra), the attachment and levy were authorized. Aside from these considerations, it appears that the American Bicycle Company had an office, was engaged in the transaction of business within the state and the debt which was the subject of the attachment was incurred by it in the course of such business."

Both of those considerations distinguish that case from the one at bar.

In Lancaster v. Spotswood, 41 Misc. Rep. 19, 83 N. Y. Supp. 572, affirmed 86 App. Div. 627, 83 N. Y. Supp. 1109, there was an application to vacate a levy upon a New Jersey corporation. The motion was denied, Mr. Justice Blanchard saying:

"In the case at bar the plaintiff's proof is that the debt due to the defendant was the result of a contract made in the state of New York and by the terms thereof payable in this state. In the face of such proof, I am unwilling to direct the release of the levy upon the ground that the situs of the debt sought to be reached is outside of the state of New York."

In Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, Mr. Justice Peckham has examined this question of the situs of a debt with great care. In that case, Harris, a resident of North Carolina, was indebted to Balk, also a resident of North Carolina, for $180 borrowed money. Harris visited Baltimore, and there, Epstein, a resident of Maryland, claiming that Balk was indebted to him in the sum of $300, issued a nonresident writ of attachment, attaching the debt due from Harris to Balk. Harris returned to North Carolina, judgment was entered in Baltimore against him as garnishee, and he paid the amount of the judgment. Balk commenced an action in North Carolina against Harris on the original debt, and Harris pleaded the aforesaid judgment and payment in bar thereof. This contention was not allowed, and judgment having been given against Harris, he took the case to the Supreme Court of the United States. In reversing the judgment, the court said:

"Attachment is the creature of the local law, that is, unless there is a law of the state providing for and permitting the attachment, it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then, if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him and can garnishee the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state."

The learned court further says:

"We do not see the materiality of the expression 'situs of the debt' when used in connection with attachment proceedings. If by situs is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed,

we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign state when therein sued upon his obligation by his creditor as he was in the state where his debt was contracted. * * * We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that state and its laws permitted the attachment. * * * The importance of the fact of the right of the original creditor to sue his debtor in the foreign state as affecting the right of the creditor of that creditor to sue the debtor or garnishee lies in the nature of the attachment proceedings. The plaintiff in such proceedings in the foreign state is able to sue out the attachment and attach the debt due from the garnishee to his (the garnishee's) creditor, because of the fact that the plaintiff is really in such proceeding a representative of the creditor of the garnishee, and therefore if such creditor himself had the right to commence suit to recover the debt in the foreign state, his representative has the same right, as representing him, and may garnish or attach the debt, provided the municipal law of the state where the attachment was sued out permits it."

This case was followed in Louisville & Nashville R. R. Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. ——. The attachment of a debt due from a railroad corporation was upheld, although a foreign corporation, Mr. Justice Holmes saying:

"The proceedings in Florida were strictly in accordance with the laws of that state. The railroad company did business there, and was permanently liable to service and suit."

So that while it would seem that the view of the Supreme Court of the United States differs from that expressed by the courts of this state as to the question of whether a migratory debt can be attached, yet, even if we applied the rule above stated, the levy must be held bad in the case at bar. That rule is that attachment will lie if the creditor of the garnishee could himself sue. In other words, if the defendant Wade could sue the Degnon Contracting Company in the courts of this state to recover the debt attempted to be levied upon, then the levy is good. But he cannot. He is a nonresident, and section 1780 of the Code of Civil Procedure provides that—

"An action against a foreign corporation may be maintained * * * by a nonresident in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the state, or relating to property situated within the state, at the time of the making thereof; (2) where it is brought to recover real property situated within the state or chattel, which is replevied within the state; (3) where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state."

The cause of action comes not within any of said requirements; and so, as it seems to me, under all the authorities, state and federal, this attempted levy was bad. The learned court at Special Term denied the motion to vacate the levy upon the ground, as stated in the memorandum, that the question of the validity of a levy by the mere service of a warrant of attachment is not determinable upon the motion to set aside the levy.

In Plimpton v. Bigelow, 93 N. Y. 592, the court said on an appeal from order reversing an order vacating a levy:

"We are also of opinion that the defendant was entitled to move to have the levy set aside and vacated, thereby relieving his stock from the cloud and embarrassment created by the proceedings. Dunlop v. Patterson Fire Ins. Co., 74 N. Y. 145, 30 Am. Rep. 283; Blossom v. Estes, 84 N. Y. 617."

In Carr v. Corcoran, 44 App. Div. 97, 60 N. Y. Supp. 763, this court affirmed an order setting aside a levy upon the ground of nonresidence. It is true that in Simpson v. Jersey City Contracting Company, 47 App. Div. 17, 61 N. Y. Supp. 1033, the learned justice writing the opinion, without alluding to the foregoing cases, did express his opinion that the question should not be determined upon motion, saying:

"By the service of the copy of this warrant of attachment upon the trust company there was either a ,valid levy or the notice 'was ineffectual for any purpose. If the service of such a notice was ineffectual, there was no levy to set aside or vacate. If there was a valid levy, or the notice was effectual in any way to bind such stock, such levy should not be set aside upon notice."

Of the four justices sitting, one justice concurred in the opinion, one upon the first ground only, and the third, that as there was no valid levy, no motion was necessary, and so concurred in the result. When this case reached the Court of Appeals, 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796,·that court considered the question involved upon the merits, and sustained the levy, and affirmed the order without alluding to the point now under consideration.· It seems to me, therefore, that this court is not foreclosed upon the question, and I see no reason in principle why the earlier decisions should not be followed. The levy is a cloud on defendant's title to receive this debt. We set aside, on motion, the service of summons and other papers, and this court and the Court of Appeals have heretofore sanctioned setting aside an "attempted levy."

Where it appears clearly, as it does in this case, that the levy is bad and cannot be cured, and where jurisdiction depends upon a levy having been made, why should not an end be put to uncertainty and to litigation which may be vexatious? It is to the interest of the state that an end be put to litigation.

It seems to me that the order appealed from should be reversed, and the attempted levy vacated and set aside, with costs to the appellant.

PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. I dissent. The motion in this case is to set aside a levy made by the sheriff under a warrant of attachment in this action. No property of the defendant was taken into the possession of the sheriff, and if the copy of the warrant of attachment and the notice served upon the Degnon Contracting Company was insufficient to attach the indebtedness of this corporation to the defendant there was no levy. As I understand the opinion of Mr. Justice CLARKE, he comes to the conclusion that there was no claim in favor of the defendant against this contracting company that could be enforced in this state, and consequently there was nothing upon which the sheriff could levy. If this is true, there was no levy and I do not see how the motion to vacate a levy can be granted.

I think that this question is one which should not be passed upon on a motion, but should be left to be regularly determined in proceedings taken to establish a lien by virtue of this action of the sheriff. I am aware that these applications have been entertained, and

upon appeal the effect of an attempted levy has been passed upon by the court; but where the whole right to maintain the action depends upon this question as to whether or not there was a leviable claim existing in favor of the defendants against the party upon whom the attachment was served, it seems to me that the orderly course of proceeding would be to determine the question upon the proper proceeding, and not upon a motion. It certainly is somewhat illogical for a defendant to come into court and say that the sheriff has made no levy, and therefore move to have a levy vacated. If there was no levy, there is nothing to be vacated. If there is a levy, it should not be vacated.

Without expressing any opinion upon the other questions discussed by Mr. Justice CLARKE, for the reasons stated I think the order should be affirmed.

O'BRIEN, P. J., concurs.