Frederic E. Cohn, Doing Business under the Firm Name and Style of Frederic Film Company, Respondent, *v.* Enterprise Distributing Corporation, Appellant.

First Department, October 30, 1925.

Attachment — validity — plaintiff in action against foreign corporation not doing business here attached debt due to said foreign corporation by another foreign corporation authorized to do business here — defendant was served by publication — said debt attached arose on contract made and performed outside of State — said debt is not attachable — attachment vacated and service by publication set aside.

A debt owing to a foreign corporation not engaged in business here contracted by a foreign corporation authorized to do business in this State arising out of a contract made and performed outside of the State of New York, is not attachable in an action by a resident against the foreign corporation creditor, and, therefore, jurisdiction over said foreign corporation cannot be obtained by the service of a summons by publication based on said invalid attachment, and the attachment will be vacated and the service by publication set aside.

Appeal by the defendant, Enterprise Distributing Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1925, denying its motion to vacate an attempted levy under a writ of attachment, the alleged service by publication, and service of the summons.

*Wickes & Neilson,* appearing specially [*Herman E. Riddell* of counsel], for the appellant.

*House, Grossman & Vorhaus* [*David Scheinker* of counsel], for the respondent.

Finch, J.:

The question to be determined by means of this appeal is the validity of an attachment. Upon such validity depends the jurisdiction over the defendant in this action, since the defendant has not been subjected to personal service but only to service by publication. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Bryan* v. *University Pub. Co. of N. Y.,* 112 N. Y. 382.) The action is brought by a resident of this State against a foreign corporation not engaged in business herein. Whether said corporation has property herein which is subject to attachment is the question upon which the validity of the attachment depends. An order for service by publication was obtained, and the plaintiff has sought jurisdiction of the defendant through the attempted attachment of a debt owing to the defendant by a corporation known as Southern Enterprises, Inc., which latter also is a foreign corporation, authorized

and qualified, however, to do business in this State. The amount owing to the defendant from Southern Enterprises, Inc., arose under a contract made and performed between the defendant and Southern Enterprises, Inc., outside of the State of New York. Whether this attachment is valid depends, therefore, upon one question of law, namely, whether this debt was attachable in this State.

So far as this court is concerned, this question has been settled by the decision in *Bridges* v. *Wade* (113 App. Div. 350). There Mr. Justice CLARKE (now presiding justice), writing for a majority of the court, held that a plaintiff who brings action against a foreign defendant (not licensed nor doing business in this State) to recover the agreed price of goods sold in another State, is not entitled, under a warrant of attachment, to levy upon an indebtedness due the defendant from a foreign corporation which has complied with our laws by filing its certificate and paying its taxes so as to entitle it to sue on its own contracts in our courts, and which, as a matter of fact, has its chief office and transacts much of its business in this State.

A different rule prevails in the courts of the United States, namely, that if the defendant could by action recover in this State, then the attaching creditor, standing in the shoes of the defendant, could attach the debt. In *Harris* v. *Balk* (198 U. S. 215) Mr. Justice PECKHAM said: " We do not see the materiality of the expression ' situs of the debt,' when used in connection with attachment proceedings. If by situs is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign State when therein sued upon his obligation by his creditor, as he was in the State where the debt was contracted. We speak of ordinary debts, such as the one in this case. It would be no defense to such suit for the debtor to plead that he was only in the foreign State casually or temporarily. His obligation to pay would be the same whether he was there in that way or with an intention to remain. It is nothing but the obligation to pay which is garnished or attached. This obligation can be enforced by the courts of the foreign State after personal service of process therein, just as well as by the courts of the domicil of the debtor. If the debtor leave the foreign State without appearing, a judgment by default may be entered, upon which execution may issue, or the judgment may be sued upon in any other State where the debtor might be found. In such case the situs is unimportant. It is not a question of possession in the foreign State,

for possession cannot be taken of a debt or of the obligation to pay it, as tangible property might be taken possession of. Notice to the debtor (garnishee) of the commencement of the suit, and notice not to pay to his creditor, is all that can be given, whether the garnishee be a mere casual and temporary comer, or a resident of the State where the attachment is laid. His obligation to pay to his creditor is thereby arrested and a lien created upon the debt itself. * * * We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that State and its laws permitted the attachment."

Recognizing the difference in doctrine between the two courts, Mr. Justice CLARKE in *Flynn* v. *White* (122 App. Div. 780, 783) said: " It is true that under the rule as laid down by the Supreme Court of the United States in the cases noted in *Bridges* v. *Wade* (*supra*), that court has held such service good, that the debt was migratory in character and followed the person. The rule, however, as laid down by the Court of Appeals, as indicated in *National Broadway Bank* v. *Sampson* (179 N. Y. 213), is otherwise, and we are bound to follow the Court of Appeals."

In *National Broadway Bank* v. *Sampson* (179 N. Y. 213) the court, per MARTIN, J., said: " It seems clear that a debt, to be subject to attachment, must have a situs somewhere and can be impounded only in the jurisdiction where such situs exists, which is clearly where either the creditor or debtor resides. The laws relating to attachments do not authorize a proceeding in this State to seize a credit owing to a resident of another State, where neither the creditor nor the debtor is a resident here. Nor, as we have seen, could the State make a debtor a resident by so declaring, when such was not the fact. If, under the circumstances of this case, it could be properly said that the situs of the debt owing by Charles E. Sampson was in this State and that it could be attached here, it would follow that it had no actual situs anywhere, but was transient, following the person of the debtor and could be attached in any State or country where the debtor might be temporarily found. Such a principle would give rise to most embarrassing conflicts of jurisdiction, and would lead to great confusion and uncertainty, and greatly prejudice the rights of creditors."

In *Douglass* v. *Phenix Ins. Co.* (138 N. Y. 209) the plaintiff had sued in this State upon a policy of fire insurance issued to him by the defendant, a domestic corporation. By way of defense it was alleged by the answer that the debt owing by the defendant to the plaintiff had been prior to the commencement of this action attached in the State of Massachusetts in an action to recover a debt owing by the plaintiff to the attaching creditors, and that

the Massachusetts action was still pending. This defense was demurred to and the demurrer sustained, the court, by ANDREWS, Ch. J., saying (at p. 219): " But it is a fundamental rule that in attachment proceedings the *res* must be within the jurisdiction of the court issuing the process, in order to confer jurisdiction. (*Plimpton* v. *Bigelow,* 93 N. Y. 592.) In the case of movables their seizure under the attachment shows that their actual situs is within the jurisdiction. But in respect to intangible interests, debts, choses in action, bonds, notes, accounts, interests in corporate stocks and things of a similar nature, the question whether the *res* is within the jurisdiction of the sovereignty where the process is issued, is not so readily determined. The general rule is well settled that the situs of debts and obligations is at the domicile of the creditor. But the attachment laws of our own and of other States recognize the right of a creditor of a non-resident to attach a debt or credit owing or due to him by a person within the jurisdiction where the attachment issues, and to this extent the principle has been sanctioned that the laws of a State, for the purposes of attachment proceedings, may fix the situs of a debt at the domicile of the debtor. [*Embree* v. *Hanna,* 5 Johns. 101; *Williams* v. *Ingersoll,* 89 N. Y. 508, 523.] It is at least doubtful whether this qualification of the general rule applies to negotiable instruments or other written obligations of a resident debtor, held by and in the possession of his non-resident creditor. (See *Osgood* v. *Maguire,* 61 N. Y. 524.) But we repeat, no court can acquire jurisdiction in attachment proceedings unless the *res* is either actually or constructively within the jurisdiction, and we are of opinion that the attempt to execute an attachment in Massachusetts upon the debts owing to the plaintiff by the insurance company, by serving upon the agent of the corporation there, and without having acquired jurisdiction of the plaintiff, must fail for the reason that the debtor, the insurance company, was in no just or legal sense a resident of Massachusetts and had no domicile there, and was not the agent of the plaintiff, and that in contemplation of law the company and the debt were at the time of the issuing of the attachment in the State of New York, and not in the State of Massachusetts. This court has had occasion heretofore to consider the effect of the act of a foreign corporation constituting an agent in another State, upon whom proceedings may be served, done in compliance with the laws of such State in pursuance of a condition imposed, and to enable the corporation to do business in such State. It has been held that by such act the corporation does not change its domicile of origin or its residence. It becomes bound by judgments rendered upon service on the designated agent, because

it has consented so to be bound, but it remains as before a resident of the State where it is incorporated. (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114; *Plimpton* v. *Bigelow, supra.*) If in this case the insurance company could be regarded as residing or having its domicile in Massachusetts for the purpose of attachment proceedings, it likewise has a domicile in every State where it may have appointed an agent under similar laws, and so constructively, upon the theory upon which the Massachusetts attachment is defended, the corporation is present as debtor to the plaintiff in every State where such agency exists, and the credit is also present at the same time in each of such jurisdictions. The admission of such a principle would give rise to most embarrassing conflicts of jurisdiction and subject creditors of domestic corporations to great prejudice. We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor."

It thus appears that our courts, having before them the difference in the rule applicable between the State courts and the United States courts, have adhered to the former.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the appellant's motion for an order vacating and setting aside the writ of attachment, the attempted levy of attachment and the alleged service of summons by publication should be granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MCAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.