AMERICAN DRY ICE CORPORATION, Plaintiff, *v.* DELANCEY CHEMICAL CORPORATION, Defendant.*

Supreme Court, New York County, May 14, 1935.

*Weil, Gotshal & Manges* [*Horace S. Manges* and *Eli M. Spark*, of counsel], for the defendant, appearing specially for the purpose of making this motion.

*Jay Leo Rothschild* [*Jay Leo Rothschild* and *Louis Rivkin* of counsel], for the plaintiff, opposed.

* Affd., 245 App. Div. 712.

FRANKENTHALER, J. This is a motion to vacate a purported levy pursuant to a warrant of attachment upon the ground that the indebtedness attempted to be levied upon is not subject to levy in this State. The moving party also seeks to vacate the service of the summons and complaint, which was made outside of the State, on the ground that no valid levy had theretofore been made upon property of the defendant within the State. It appears from the papers submitted upon the motion that the defendant is a foreign corporation; that the indebtedness attempted to be levied upon is due to the defendant from Pure Carbonic, Incorporated, also a foreign corporation, under a contract entered into in Pennsylvania; and that the performance of the contract has been confined to the State of Pennsylvania, the defendant making deliveries in that State to the representatives of Pure Carbonic, Incorporated. Although Pure Carbonic, Incorporated, is authorized to do business in this State, the indebtedness in question has not arisen from the exercise of that right but on the contrary from the performance outside of this State of a contract entered into without the State. Under these circumstances the cases of *Cohn* v. *Enterprise Distributing Corp.* (214 App. Div. 238) and *Dos Passos* v. *Morton* (218 id. 154) appear to be conclusive upon the court. The mere circumstance that the defendant sends invoices to the New York office of Pure Carbonic, Incorporated, and that the checks in payment are mailed from said office to the defendant's home office in Pennsylvania is insufficient, under the principles established by the cited cases, to subject the indebtedness to levy for attachment purposes within this State. The situation here is to be distinguished from that obtaining in various cases referred to by the plaintiff, where the indebtedness levied upon arose out of business transacted by the non-resident attachment debtor within this State pursuant to authority conferred upon it.

The motion to vacate the levy and the service of the summons and complaint is accordingly granted. Settle order.