HELEN BROCK, Plaintiff, *v.* LOUIS BROCK, Defendant.

Supreme Court, Special Term, New York County, January 30, 1940.

*David Bernstein,* for the plaintiff.

*Joseph L. Greenberg,* for the defendant.

HOFSTADTER, J. This is an application to vacate a garnishee execution. It is not disputed that the debtor, a resident of California, is employed by the R. K. O. Radio Pictures, Inc., a Delaware corporation, licensed to do business in the States of New York and California. The debtor performs his services exclusively in California and he receives no remuneration in this State.

Counsel concede that the statutory rules of attachment apply to the garnishee proceedings under section 684 of the Civil Practice Act.

Prior to 1936 it was well settled that a garnishment of salary due or to become due from a foreign corporation only authorized to do business in this State would not lie where the non-resident debtor performs no services and in fact receives no remuneration here. (*Dos Passos* v. *Morton,* 218 App. Div. 154; *Cohn* v *Enterprise Dist. Corp.* 214 id. 238; *American Dry Ice Corp.* v. *Delancey Chemical Corp.* 155 Misc. 661; affd., 245 App. Div. 712; *Carpenter* v. *Fara-*

*baugh*, 146 Misc. 625.) In other jurisdictions the law was to the contrary. (*Harris* v. *Balk*, 198 U. S. 215; *Heydemann* v. *Westinghouse Electric Mfg. Co.*, 80 F. [2d] 837, 840.)

While counsel do not raise the point, it appears that section 916 of the Civil Practice Act was amended by chapter 818 of the Laws of 1936 as of September 1, 1936, to permit a levy upon " any indebtedness due or to become due from a non-resident or foreign corporation, upon whom or which service of process may be made within this State, to any person whether a non-resident or foreign corporation."

The court has not been able to find any decisions since the amendment, but it is clear that the provisions of section 916 in its present form authorize and permit a levy of attachment on a debt due from a foreign corporation to a non-resident where the corporation is subject to the process of this court. It follows that a garnishee order is likewise proper. That this is so is compelling from the further circumstances that by chapter 651 of the Laws of 1939 section 684 of the Civil Practice Act was amended to provide that " the managing agent of a foreign corporation, authorized to do business in this State, shall be deemed to represent such corporation for the purposes of carrying out the provisions of this section."

The equities obviously lie with the judgment creditor as against the movant who is evading his obligations under the decree of divorce. Accordingly, in the absence of any controlling authority, the motion will be denied.