## BUCKLEY v. CHRISTMAS.

### No. 4775.

Circuit Court of Appeals, Fourth Circuit.

June 10, 1941.

324

Robert D. Bartlett and Edgar Allan Poe, both of Baltimore, Md., for appellant.

E. Milton Altfeld, of Baltimore, Md., for appellee.

Before DOBIE and NORTHCOTT, Circuit Judges, and MOORE, District Judge.

MOORE, District Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Maryland in the amount of $4,764.90 and costs, rendered in favor of appellee and against appellant. The suit was instituted in the Superior Court of Baltimore City and was removed to the District Court. Appellant contends that the District Court erred in refusing to allow, as an offset to appellee's claim, two counterclaims, denominated first and third counterclaims; in the amounts of $1,500 and $1,525, respectively.

Appellant is the owner of a farm in Virginia whereon she breeds race horses, which she enters at various race tracks in competition for purses. In November, 1937, she employed appellee as trainer. He continued in her employment until August 15, 1939, at which time she notified him by letter that his employment was terminated. This suit was brought by appellee to recover the amount alleged to be due him by reason of his services under his employment by appellant.

On July 27, 1939, appellant had mailed to appellee a statement of account showing a balance due from appellant to appellee, as of June 1, 1939, of $5,012.50. In this suit appellee claimed this balance of $5,012.50, plus additional charges, bringing his total claim to the sum of $10,384.90, subject to a credit of $5,396 paid on account by appellant, leaving a total amount claimed in this suit of $4,988.90. All the items shown in appellee's account were allowed by the District Court, except one item of $234.

Appellant's first counterclaim alleged an indebtedness by appellee to appellant of $1,500 for the purchase of a mare known as "Cleaning Time". The third counterclaim alleged an indebtedness by appellee to appellant of $1,525 for three services of appellant's stallion "Grand Time" to appellee's mares at $500 each, plus a transportation charge of $25.

The transaction between appellant and appellee with reference to the mare "Cleaning Time" is not made entirely clear by the evidence. In the same letter whereby appellee's employment as trainer was terminated, appellant requested appellee to try to sell this mare for "$1,500, if possible; if not, $1,250," offering him ten percent sales commission if he should make such sale. Appellee was unable to make a sale of the mare and subsequently, in a telephone conversation with appellant, entered into an arrangement with her whereby, as appellee testified, he bought the mare "on the cuff." He explained that this arrangement was understood by both parties to mean that he would buy the mare on condition that he would be allowed to pay for her out of winnings and that her value would be determined by what she had to run for in order to win a race. He further testified that the expenses of the mare amounted to more than her winnings, and this testimony was not contradicted. He still has the mare in his possession, and has raced her several times. Appellant's testimony as to the

transaction concerning the mare "Cleaning Time" differs in many respects from that of appellee. She testified that appellee agreed to buy the mare and to pay $1,500 as the purchase price; but her testimony agrees with that of appellee in that both say it was a condition of the purchase that appellee would be permitted to pay for the mare out of winnings; and she made no claim against appellee for any sum by reason of the transaction respecting the mare "Cleaning Time" until after the suit was instituted.

Rule 52(a), 28 U.S.C.A., following section 723c, provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." In view of the testimony of both the appellant and the appellee, above referred to, we are of opinion that the action of the District Court in refusing to allow appellant's first counterclaim, being based purely upon a finding of fact, was not clearly erroneous, and therefore it will not be disturbed by us. Adamson v. Gilliland, 242 U.S. 350, 37 S. Ct. 169, 61 L.Ed 356; Deutser v. Marlboro Shirt Co., 4 Cir., 81 F.2d 139, 142; Sherman v. Bramham, 4 Cir., 78 F.2d 443; Suburban Imp. Co. v. Scott Lumber Co., 4 Cir., 67 F.2d 335, 90 A.L.R. 330; Guilford Const. Co. et al. v. Biggs, 4 Cir., 102 F.2d 46; Stonega Coke & Coal Co. et al. v. Price et al., 4 Cir., 106 F.2d 411.

We express no opinion as to the present or future rights and liabilities of the parties to this suit with respect to the mare "Cleaning Time." The mare is in the possession of appellee; no attempt was made by him to show that she was a gift or had been left with him by appellant under a mere bailment, so that appellee could continue to train and race her, or for any other purpose. These matters were not passed upon by the District Court, nor was it necessary to do so in order to decide the case. It suffices to say that at the time this suit was instituted appellant was not entitled to any offset, as against appellee's claim, by reason of their transactions up to that time concerning the mare "Cleaning Time."

Appellee did not deny that he had received the benefit of the three services of appellant's stallion "Grand Time" to appellee's mares, but contended that by express agreement these services were to be free of charge, as a part of the consideration for the sale of this stallion by appellee to appellant. There was no evidence as to the reasonable value of such services. At the trial appellee, in support of his defense to appellant's third counterclaim, offered in evidence a written memorandum of agreement, signed by one Otto Furr, purportedly acting as agent for David Buckley, the husband of appellant, which memorandum, after reciting the sale of the stallion "Grand Time" by appellee to David Buckley for the sum of $2,000 contained the following provision: "The said David Buckley is to bring the said stallion 'Grand Time' into the State of Maryland at such time and place as the said J. Yancey Christmas may designate in order to breed three (3) mares annually for the said J. Yancey Christmas." No evidence was introduced in proof of Furr's purported agency, and this fact rendered the written memorandum of agreement inadmissible as evidence against appellant. Even if it had been made admissible by a proper showing of agency, its language is ambiguous. Without explanation, it could not be determined from the written memorandum that the services of the stallion were to be given free of charge. However, the opinion of the District Court shows that its finding was not based upon the written memorandum, but rather upon the oral evidence of appellee, who testified that it was understood by all parties, and was a part of the consideration for the sale of the stallion "Grand Time," that appellee was to have free service of the stallion. Furthermore, the District Court gave weight to the circumstance that during all the period of time which elapsed between appellee's discharge as trainer and the institution of this suit, appellant made no mention of the claim she now alleges for services of this stallion, although during that period appellee was making continuous efforts to get a settlement of his account from appellant.

In accordance with Rule 52(a) of the Rules of Civil Procedure, cited above, we cannot say that the action of the District Court in refusing to allow appellant's third counterclaim was clearly erroneous.

The judgment of the District Court is accordingly affirmed.

Affirmed.