## CHRISTMAS v. BUCKLEY.

### No. 763.

District Court, D. Maryland.

Feb. 24, 1942.

E. Milton Altfeld, of Baltimore, Md., for plaintiff.

Bartlett, Poe & Claggett and Edgar Allan Poe, all of Baltimore, Md., for defendant.

COLEMAN, District Judge.

The question presented relates to the liability of a surety on a supersedeas bond given pursuant to Rule 73(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The case is now before the Court on a motion by plaintiff, J. Yancy Christmas, for a judgment against the United States Fidelity & Guaranty Company, the surety, on the supersedeas bond which was given by the defendant, Mrs. David A. Buckley, when she took an appeal from the judgment which this Court awarded to plaintiff against her on October 4th, 1940, in the sum of $4,764.90, in a suit which had been removed to this Court from the Superior Court of Baltimore City, for breach of contract for personal services as trainer of her horses. The defendant took an appeal to the Circuit Court of Appeals and this Court's judgment was affirmed on June 11th, 1941, 4 Cir., 121 F.2d 323. On July 9th, 1941, the mandate was stayed pending a petition of appellant for a rehearing, and on July 22nd, the appellate court entered an order denying a rehearing. Then, on July 29th the mandate was further stayed pending appellant's application to the Supreme Court for a writ of certiorari. On November 14th the Supreme Court denied appellant's petition, 62 S.Ct. 180, 86 L.Ed. —, and the mandate of the Circuit Court of Appeals was filed in this Court on November 15th.

The surety has opposed the granting of plaintiff's motion on the ground that there is pending an attachment suit against it and the defendant, Mrs. Buckley, in the Supreme Court of the State of New York which had been instituted on November 22nd, 1941, that is, prior to the time when plaintiff filed his motion for judgment against the surety in this Court, which was not until January 21st, 1942.

The material facts respecting this attachment proceeding as appear from certified copies of the pleadings therein which have been filed in connection with the hearing on plaintiff's motion, are as follows: One Max Flick brought suit on November 21st, 1941, against the present plaintiff, Christmas, in the Supreme Court of the State of New York, County of New York,

for $4,000 ·and interest, claiming that the plaintiff was indebted to him for the wrongful conversion of a race horse for the training and racing of which Flick had employed the plaintiff. Upon institution of this suit in New York, a warrant of attachment was issued and served upon both the United States Fidelity & Guaranty Company and Mrs. Buckley, the present defendant, attaching any indebtedness of that Company or Mrs. Buckley due the plaintiff, including the indebtedness represented by the supersedeas bond on which that company was surety for Mrs. Buckley. This New York suit, including the attachments, has not yet been heard. The surety asserts that this Court should ·assume the validity of the attachment against it, or at least should not allow the plaintiff to proceed against it until the New York Court has rendered a decision with respect to the attachment, lest, if the surety is required now to pay the amount of the judgment to Christmas, such payment, while releasing the surety on the supersedeas bond here, would not release it in the attachment suit in New York, and that, therefore, the surety might have to pay twice and would not be able to recover back against Mrs. Buckley.

Plaintiff contends that the attachment, according to New York law by which its validity must be determined, is invalid, on the ground that both garnishees, Mrs. Buckley and the surety company, as well as Christmas who is plaintiff here but defendant in the New York suit, are non-residents of New York, and that a debt owed by a non-resident of New York to another non-resident of New York, is not subject to attachment in that State. In this connection plaintiff has introduced the sworn statement of Mrs. Buckley, made while testifying in the original suit in this Court, to the effect that she was a resident of the State of Virginia; and also, the certification of the Clerk of the Circuit Court of Fauquier County, Virginia, under date of January 27th, 1942, that Mrs. Buckley's name appears on the list of those persons who have paid their State of Virginia capitation tax for the years 1938, 1939 and 1940 in that County.

■ That plaintiff is entitled to a judgment against the United States Fidelity & Guaranty Company, the surety on defendant's supersedeas bond,. would appear to be beyond question. It appears to be equally true that the appropriate manner in which

to seek such a judgment is by motion such as the plaintiff's. Rule.73(f) of the Rules of Civil Procedure expressly so provides, as follows: "By entering into an appeal or supersedeas bond given pursuant to subdivisions (c) and (d) of this rule, the *surety submits himself to the jurisdiction* of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and *such notice of the motion as the court prescribes* may be served on the clerk of the court who shall forthwith mail copies to the surety if his address is known." However, the question still remains to be determined whether plaintiff is entitled to execute upon this judgment in view of the pending attachment suit in New York.·

■■ The surety is a corporation of the State of Maryland, authorized to do business in New York, and the process served upon it there was accordingly valid. We will assume, in the absence of any proof to the contrary, that Mrs. Buckley was still a resident of Virginia at the time the attachment was laid in New York. Also, it is not disputed that the plaintiff's personal services as a horse trainer, for which this Court awarded him compensation by the judgment, were rendered in Maryland, Virginia and some other States, but not in New York; and, further, that plaintiff was to be paid for these services in Maryland where he lived. It is true that in New York prior to 1936, by virtue of Section 684 of the Civil Practice Act (1921), if a defendant were not domiciled and the garnishee, likewise, were not domiciled in New York, whether corporation or individual, the attachment would be invalid; see Douglass v. Phenix Ins. Co., 138 N.Y. 209, 33 N.E. 938, 20 L.R.A. 118, 34 Am.St.Rep. 448; National Broadway Bank v. Sampson, 179 N.Y. 213, 71 N.E. 766, 66 L.R.A. 606, 103 Am.St.Rep. 851; unless the indebtedness arose in connection with business transacted in New York or was payable there; see Mechanics etc., Bank v. Banque Industrielle, 205 App. Div. 543, 199 N.Y.S. 817; Dos Passos v. Morton, 218 App.Div. 154, 218 N.Y.S. 17; Heydemann v. Westinghouse Electric Co., 2 Cir., 80 F.2d 837. But the law was changed through amendment of Section 916 of the Civil Practice Act, September 1, 1936, whereby levy was permitted upon any

indebtedness from a non-resident or a foreign corporation upon whom or which service of process may be made within the State of New York, to any person whether a non-resident or a foreign corporation. Brock v. Brock, 173 Misc. 172, 18 N.Y.S. 2d 648; Tishman Realty & Construction Co. v. Spencer, Sup.App.T., 24 N.Y.S.2d 297.

In Brock v. Brock, supra, a decision of the Supreme Court, New York County, rendered January 30, 1940, which does not appear to have been appealed, there was an application to vacate garnishee execution. The debtor was a resident of California, employed by a Delaware corporation licensed to do business in the States of New York and California. The debtor performed his services exclusively in California and received no remuneration in New York. In holding that garnishment of this judgment-debtor's salary would lie in favor of a New York judgment-creditor, the Court gave the following very clear statement of the New York law, both before and since the amendment of 1936, above referred to, at pages 648, 649 of 18 N.Y.S.2d: "Prior to 1936 it was well settled that a garnishment of salary due or to become due from a foreign corporation only authorized to do business in this state would not lie where the non-resident debtor performs no services and in fact receives no remuneration here. Dos Passos v. Morton, 218 App.Div. 154, 218 N.Y.S. 17; Cohn v. Enterprise Distributing Corp., 214 App. Div. 238, 212 N.Y.S. 39; American Dry Ice Corp. v. Delancey Chemical Corp., 155 Misc. 661, 280 N.Y.S. 255, affirmed 245 App.Div. 712, 280 N.Y.S. 257; Carpenter v. Farabaugh, 146 Misc. 625, 262 N.Y.S. 609. In other jurisdictions the law was to the contrary. See Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023, 3 Ann.Cas. 1084; Heydemann v. Westinghouse Electric Mfg. Co., 2 Cir., 80 F.2d 837, 840.

"While counsel do not raise the point, it appears that section 916 of the Civil Practice Act was amended as of September 1, 1936 (Laws 1936, c. 818) to permit a levy upon 'any indebtedness due or to become due from a non-resident or foreign corporation, upon whom or which service of process may be made within this state, to any person whether a non-resident or foreign corporation. * * *'

"The court has not been able to find any decisions since the amendment, but it is clear that the provisions of Section 916 in its present form authorize and permit a levy of attachment on a debt due from a foreign corporation to a non-resident where the corporation is subject to the process of this court. It follows that a garnishee order is likewise proper. That this is so is compelling from the further circumstances that in chapter 651 of the Laws of 1939 section 684 of the Civil Practice Act was amended to provide that 'the managing agent of a foreign corporation, authorized to do business in this state, shall be deemed to represent such corporation for the purposes of carrying out the provisions of this section.'"

To the same effect is Tishman Realty & Construction Co. v. Spencer, supra, which is the latest reported New York decision on this point which we have found, decided December 13, 1940, and which relies upon Brock v. Brock, supra.

We must, therefore, hold that although plaintiff is entitled on its present motion to have a judgment entered in its favor against the surety on the supersedeas bond, execution on such judgment must be withheld pending a determination of the attachment suit in New York, harsh as such stay would appear to be upon the plaintiff, especially if this attachment suit is ultimately determined to be, as plaintiff's counsel contends, a collusive one whereby Mrs. Buckley and the plaintiff in that suit are improperly attempting to prevent the plaintiff in this suit from realizing on the judgment which this Court has awarded him.

Our conclusion appears to be supported by the recent decision of the Supreme Court in Huron Holding Corporation v. Lincoln Mine Operating Co., 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725, rehearing denied 313 U.S. 598, 61 S.Ct. 840, 85 L. Ed. 1550. That case involved the effect to be given by a federal district court to state court proceedings attaching, while appeal is pending, a judgment previously rendered by the federal court. Pending appeal to the Circuit Court of Appeals for the Ninth Circuit from a judgment of the Federal District Court for Idaho, 27 F. Supp. 720, a third party had sued the judgment-creditor in a state court in New York and a warrant of attachment had issued, attaching the judgment debt in the hands of the judgment-debtor in New York. After the Circuit Court of Appeals had affirmed the judgment of the district

court but before the mandate issued, the New York court rendered judgment against the judgment-creditor and execution was had against the attached debt. The Supreme Court held that the judgment-debtor, having paid the judgment debt under compulsion of the New York execution, was entitled to have the judgment of the federal court for Idaho marked satisfied and that the surety was not chargeable on its supersedeas bond. The Court said at pages 192–194 of 312 U.S., at pages 517–518 of 61 S.Ct., 85 L.Ed. 725, after reviewing the earlier decisions, "that later opinions of this Court have undermined the basic reasoning upon which Justice Bradley relied [in Thomas v. Wooldridge, 23 Fed.Cas. 986, No. 13,918] in declaring that judgments in a federal court were never subject to attachment elsewhere. For it is now settled that attachment is wholly the creature of, and controlled by, the law of the state; property and persons within the state can be subjected to the operation of that local law; power over the person who owes a debt confers jurisdiction on the courts of the state where the writ of attachment issues; and by reason of the constitutional requirement that full faith and credit be given the valid actions of a state, courts of one state must recognize valid attachment judgments of other states. And under congressional enactment federal courts must also give full faith and credit. These later decisions are but a recognition of the greatly developed statutory use of attachment by the states, a development brought about by the increased mobility of persons and property and the expanded area of business relationships. Whatever may have been the necessity for the rule in other times, it does not fit its present day environment.

\* \* \* \* \*

"Both the Idaho federal court and the New York state court decided matters within the respective authority of each. To give effect to the judgment rendered in the New York attachment proceedings cannot, in any manner, interfere with the jurisdiction of the Idaho court. While the Idaho court did have authority to issue an execution for the collection of an unpaid judgment, it would not have enforced an execution for the benefit of Lincoln if the judgment had previously been paid directly to Lincoln. Nor should it issue an execution when the money was paid to Lincoln's creditors by reason of valid attachment proceedings. For this would be to exercise the jurisdiction of a federal court to render ineffective that protection which a garnishee should be afforded by reason of having obeyed a judgment rendered by a state in the exercise of its constitutional power over persons and property within its territory. To take such a step would constitute a denial of that full faith and credit which a federal court should give to the acts of a state court."

Accordingly, plaintiff's motion for judgment is granted, but writ of execution will be stayed pending a decision in the New York attachment suit.